[CHAMBERSBURG, OCTOBER 20, 1828.]

BENJAMIN KEYSER and others, Commissioners of the County of Franklin, *against* WILLIAM M'KISSAN.

Same *against* JOHN BROTHERTON.—Same *against* ROBERT BRATTON.—Same *against* JOHN SNYDER.

APPEAL.

The Commissioners of a county, as well as the treasurer, are bound to take an oath of office.

It is no defence for a treasurer, in a suit by the commissioners on his official bond, that the commissioners have not taken an oath of office.

The acts of public officers *de facto*, coming in by colour of title, are good so far as respects the public, but void when for their own benefit.

A payment to a county treasurer, who has not taken the oath of office, by his predecessor, is a legal payment.

*Dunlop* and *M'Cullough*, for the defendants.
*Crawford* and *Chambers*, contra.

The opinion of the court was delivered by

ROGERS, J.—This is an appeal from the decision of Justice HUSTON, at a Circuit Court held for the county of *Franklin*. The defendants move the court for a new trial, on the ground of a misdirection: 1. In instructing the jury, that the issue, whether *Benjamin Keyser* and *Jacob Wonderlich*, had taken the oath of office, was an immaterial issue. 2. That the verdict was against law and evidence; and, 3. Because the court instructed the jury, that the plaintiffs, as commissioners, could maintain this action, without having taken the oath of office, required by the constitution of *Pennsylvania*. It is unnecessary to consider the *first* reason assigned; as, if the defendants fail in their *second* and *third*, it will be conclusive against the application.

These were suits brought by *Benjamin Keyser* and others, commissioners of the county of *Franklin*, against the treasurer of the county and his sureties, on the official bond, taken in pursuance of the directions of the thirteenth section of the act of assembly of the 11th of *April*, 1799. It is objected, that the plaintiffs, who are the commissioners, and from whom the treasurer received his appointment, had not taken the oath to support the constitution; and it is strenuously contended, that this omission renders the bond void. After the decision of the court in *Riddle* v. *The County of Bedford*, we consider the oath necessary, as well in the case of the commissioners, as the treasurer. The cases are not distinguishable in principle. It must also be conceded, as the matter now stands, that the oaths were not, in fact, taken by the commissioners. The

(Benjamin Keyser and others, Commissioners of the County of Franklin, *v.*
William M'Kissan.)

rule which governs the case is, that the commissioners, who ap-
pointed the treasurer, were officers *de facto,* since they came into
their office, by colour of title.   It is a well settled principle of law,
that the acts of such persons are valid when they *concern the pub-
lic,* or the rights of third persons, who have an interest in the act
done. 7 *Johns. Rep.* 554. *The People* v. *Collins, Andrew's Rep.*
263. *King* v. *Lysle.*   And this rule has been adopted to prevent
a failure of justice.   And the distinction between the public, stran-
gers, and the officer himself, is recognised in *Riddle* v. *The County
of Bedford,* 7 *Serg. & Rawle,* 386.   "A county treasurer," says
the court, "is an officer within the eighth article of the constitu-
tion, and must take an oath of office, and he cannot sustain a suit to
recover his fees as such officer, when he has not taken the oath, and
there is no acquiescence in the defendant." In *Riddle* v. *The County
of Bedford,* the plaintiff, who was the treasurer, was defeated, on the
ground that the suit was brought for the benefit of the officer, who
had omitted to qualify himself, by taking the necessary oath.   If
suit had been brought for the use of the public, it may be collected
from the whole reasoning of the learned judge who delivered the
opinion of the court, the result would have been different.   The
reason given for the rule is most satisfactory:  "That the act of an
officer *de facto,* where it is for his own benefit, is void; because, he
shall not take advantage of his own want of title, which he must be
conusant of; but where it is for the benefit of strangers, or the public,
who are presumed to be ignorant of such defect of title, it is good."
*Cro. Eliz.* 699. *Andrew's Rep.* 163. *King* v. *Lysle,* 2 *Lev.* 184.
*Hippsly* v. *Tucke.*

That the commissioners, who appointed the treasurer, were of-
ficers *de facto,* is certain, as they possessed every qualification of
officers *de jure,* except in the one particular, that they had omitted
taking the oath prescribed by the constitution. They had, at least,
colour of title.   It is equally clear, this suit is not brought for their
individual benefit, but for the use of the public; for breach of the
defendant's official bond.   This case is, then, embraced within all
the rules settled in the various decisions cited from *England, New
York,* and our own *Reports.*

An officer *de facto* may do such things as are for the good of the
corporation. Vide *King* v. *Lysle, Andrew's Rep.* 163. A treasurer,
to receive the county monies, was indispensable. The commission-
ers had the power of appointing him, and as a consequence, of ex-
acting security for the faithful performance of the trust. The greater
includes the less.   It is a defence, not entitled to much favour on
the part of the treasurer and his sureties, that the appointment is
void, and in this way to endeavour to excuse themselves from the
performance of a contract, entered into with a full knowledge of
all its legal consequences. Common honesty, and public policy, re-
quire that they should be estopped from such a defence.

(Benjamin Keyser and others, Commissioners of the County of Franklin, *v.* William M'Kissan.)

I do not observe, that the point was made in the Circuit Court, that the new treasurer of the county was not sworn, and that there was no person, before the commencement of the suit, to whom the defendant could legally pay over the money. This is not among the reasons for a new trial, and if it were, it would not, in the opinion of the court, avail the defendants.    A payment to a treasurer *de facto*, who had colour of title, would have been good against the corporation.    It is a mere pretence to avoid payment of the money which is justly due; and on a motion for a new trial, we will not turn the plaintiffs round on a technical objection, when it is manifest, the result of the second suit must be in favour of the plaintiffs.

We agree with the Circuit Court, that the verdict was according to law and the evidence; and, therefore, the judgment of the Circuit Court is affirmed.

Judgment affirmed.