Mr. Justice Ciayton
delivered the opinion of the court.
This cause involves the question, whether a certificated bankrupt, who has made a surrender of his estate, including debts due to him, which have been sold according to law, can after-’ wards acquire title to any of the debts so sold, and maintain an action thereon.
We see no reason to prevent this. When his assets were sold, if through the aid of others, or in any other manner, he was enabled to buy a portion of them, the transaction may be suspicious, but it cannot affect his right to sue unless upon proof of fraud in fact.
It was competent to prove the acts of the assignee in bankruptcy, without producing the record of his appointment. So far as the interests of the public, and the rights of third persons were concerned, proof that he acted as the assignee, was sufficient. Keyser v. McKissan, 2 Rawle, 140; Riddle v. County of Bedford, 7 Serg. & Rawle, 386.
IVhere a note is payable to bearer, no formal assignment is necessary, the title is transmitted from hand to hand by mere delivery.
The decision of the court below is opposed to these principles; the judgment is therefore reversed, and the cause remanded for a new trial. ■ ,
Judgment reversed.