Mr. Justice Clayton
delivered the opinion of the court.
This was an action upon the official bond of the sheriff of Holmes county. The breach suggested was, that a certain execution came to the hands of Pickens, as sheriff, on the 16th of January, 1839, which was returned on the 20th of April, thereafter, “ the money not made in this case. J. W. Pickens, Sheriff, by W. F. Austin, D. S.” The plea denied that Austin was the lawful deputy of Pickens, and issue was taken upon that plea. On the trial, parol evidence was permitted to go to *653 the jury, to show that Austin acted as the deputy of Pickens, and was recognized by him as such. Preliminary to the introduction of this testimony, it was shown that diligent search had been made in the office of the probate court, and that no record could be found of the appointment of the deputy. The proof was, that Austin, at the time of the act complained of, and for some time before and after, had been recognized by Pickens as his deputy. The admission of this testimony is assigned as error.
By the principles of the common law, in actions against public officers, proof that they are in by color of title makes them responsible for their acts, when the interests of the public, or the rights of third persons are concerned ; and by holding a person out as deputy, the principal in like manner becomes bound for his acts. Keyser v. McKissan et al., 2 Rawle, 140; People v. Collins, 7 Johns. 549; Jones, Gov’r, v. Scanland, 6 Humph. 195. It is different in actions brought by officers; there they must prove a compliance with the law, if it is questioned. Riddle v. Bedford, 7 Serg. & R. 386.
But our statute provides, “ that every appointment of a deputy sheriff shall be by writing, under the hand and seal of the sheriff. And every deputy sheriff, before he enter on the duties of his office, shall take an oath faithfully to execute his office, and file the same in the office of the clerk of the county court, and if he fail to do so, then all his acts and proceedings done under color of office, shall be absolutely void.” Hutch. Code, 443.
The failure to make the appointment in the mode prescribed, was in itself a breach of the official bond of the sheriff, for which he would be liable, in an appropriate action. State Bank v. Chelwood, 3 Halt. 1.
The statute does not say that the appointment, when not made in the manner directed, shall be void, but that the acts of the deputy performed before he shall have been so appointed, and have taken the oath, shall be void. The sheriff would be liable for the acts of one whom he holds out as his deputy, even though his acts might be void as to others. The acts of one *654 whom he holds out as his deputy become his own, and he ought to be held responsible therefor. In a proceeding against the sherifF, evidence that the deputy had acted in that capacity with, his knowledge and assent, estops him from denying the appointment. Greenleaf thus lays down the rule : “ Admissions, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person, whose conduct he has thus influenced. It is of no importance whether they were made in express language to the person himself, or implied from the open and general conduct of the party.” 1 Greenl. Ev. 249. To the same effect is Lister qui tam v. Priestley, Wightwick, Rep. 67; 6 Eng. Ex. Rep. 448.
The law knows but one sheriff, in each county. . It gives him power to appoint deputies. If he fails to do so in a proper manner, it is his own fault, and he should not be permitted to throw losses, arising from his own negligence, upon others who have trusted to his representations, if they seek to hold him responsible. They may elect to regard the act as void, and it then becomes so; or they may regard it as valid, when as to him it is so.
The declaration in a statute that a deed shall be void, often means no more than that it shall be voidable. It is said in the books, “ that a thing is void which is done against law at the very time of doing it, and where no person is bound by the act; but a thing is voidable which is done by a person who ought not to have done it, but who, nevertheless, cannot avoid it him.self after it is done.” Again, a thing may be void in several degrees; “ 1. void, so as if never done, to all purposes, so as all persons may take advantage thereof; 2. ’void to some purposes only; 3. so void by operation of law, that he that will have the benefit of it may make it good.” Anderson v. Roberts, 18 John. 515.
According to either of these definitions, I think this act of appointment was only voidable, and that the party himself cannot avoid it.
It is laid down in Whelpdale’s case, Coke, Rep. Pt. 5, p. 119, “ that when' a bond or other writing is by an act of Parliament, *655 enacted to be void, the party who is bound cannot plead non est factum, but in construction of law the deed is to be avoided by the party who is bound by it, by pleading the special matter, taking advantage of the act of Parliament; as if a bond be made to a sheriff against the statute 23 Henry 6, cap. 10, the obligor ought to plead the special matter.” There is no plea of that kind in this case, and even on this ground, the judgment might well be sustained.
But 1 think, on the other grounds stated, the sheriff was liable.
Judgment affirmed.