HENRY D. RHODES *vs.* ROBERT McDONALD, President, &c.

The statute directs, that before the trustees of school lands shall proceed to the discharge of the duties required of them, they shall enter into bond with such surety as may be approved of by the board of police of the county in which they may reside, payable to the president of said board of county police, and his successors in office, conditioned for the faithful discharge of the duties required of them, which bond shall be in such penalty as the board of police shall require, and said trustees shall take an oath before said board of county police, to discharge their duties according to law; *and it is*

Rhodes *v.* McDonald.

*held,* that where one comes into office by color of title, his acts in that capacity are valid, so far as the rights of persons who have any interest in their acts done, and the public are concerned.

Trustees of school land hold their office by something more than color of title, and the statute does not declare their acts void if they do not give bond and take the oath, nor does it vacate their office if these acts are not performed.

The acts of an officer *de facto,* performed for his own benefit exclusively, will be regarded as void. *Held,* that in this case the suit was not brought for the individual benefit of the trustees, but for the use of the public, and the note upon which suit was brought is a valid contract.

The lease will be held valid unless, perhaps, upon allegation and proof of knowledge on the part of the lessee, that the trustees had not entered into bond nor taken the oath of office, coupled with an improper motive. The lease being valid, the note sued on is not void.

The trustee, McD., in this case, was not seeking a personal benefit and he has a right to recover.

Judgment in this case should have been *respondeat ouster,* and it is not shown that the defendant failed or refused to plead over.

In error from the circuit court of Noxubee county; Hon. John Watts, judge.

This was an action of assumpsit, brought in the court below by the defendant in error, as president of the board of trustees of a sixteenth section, and successor in office of Archibald Prewitt, former president of the board. The action is founded on a promissory note made by the plaintiff in error, Henry W. Rhodes, and William A. Harrison, to said Prewitt whilst he assumed to act as president of said board of trustees, for the sum of seven thousand dollars. The plaintiff in error interposed four pleas in the court below, each of which was filed under oath, denying the character of president and trustee, in which the defendant in error sued; also denying the character of Prewitt as president and trustee of said sixteenth section; also denying the character of the trustees that assumed to elect said Prewitt as president. The pleas further deny the right of the defendant in error to recover, upon the ground that the note was void in its inception, never having been made with a party capable in law of making a valid contract; and also deny the right of the defendant in error to maintain the action. To these pleas the plaintiff, in the court below, filed a replication, in substance, that " by an act of the legislature of the State of Missis-

sippi, approved the 4th of March, 1850, entitled an act in relation to the sixteenth section funds in Noxubee and Coahoma counties, it is enacted among other things, that the acts and proceedings, and each and every of them done and performed and transacted by the present board of trustees and their predecessors in office of the sixteenth section of township fourteen, range nineteen east, in said county, without having taken the oath of office and given bond according to law, shall be legal, valid, and binding; provided that the present board give bond and take the oath in ninety days, which the replication avers was done. The plaintiff in error demurred to this replication upon the grounds, that the act of the legislature set forth in the replication was unconstitutional; that the replication did not answer the pleas, &c.; each ground of which demurrer is particularly set forth. The act of the legislature was passed while the suit was pending, and after the pleas were filed. The demurrer to the replication was overruled, the plaintiff in the court below dismissed as to Henry W. Rhodes and Harrison, and judgment was rendered against the plaintiff in error. He excepted to the opinion of the court, and sued out this writ of error.

*A. W. Dabney,* for plaintiff in error.

*H. L. Jarnagin,* for defendant in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a writ of error to the circuit court of Noxubee county. The suit was brought upon a note made by H. D. Rhodes and others, payable to Archibald Prewitt as president of the board of trustees, of a sixteenth section, situated in said county, and his successors in office. Several pleas in bar of the action were pleaded, in which it is substantially alleged, 1. That neither at the time at which the suit was instituted nor since, was H. R. McDonald, the plaintiff below, president of said board of trustees, legally entitled to act as such, because as one of said board he had neither given bond nor taken the oath of office prescribed by the statute. 2. That since Prewitt,

the predecessor of McDonald, at the time the note sued on was executed had not given bond, nor had he or the trustees then in office taken the oath prescribed by law. The plaintiff replied, relying upon the act of the legislature of March 4th, 1850, passed with the object of legalizing the official acts of the trustees of said sixteenth section then in office and their predecessors. The replications were demurred to, and the demurrers over‑ ruled.

Upon inspection, we are satisfied that the replications were objectionable in form, if not substantially defective. But the demurrer must be held to extend to all of the previous plead‑ ings, and as attaching to the first substantial defect. Consid‑ ering the demurrer, then, as being applied to defendant's pleas, the question which we have to determine is, whether McDonald, the said Prewitt, his predecessor, and the trustees who were then in office, having neither given bond nor taken the oath required by the statute, a recovery could be had upon the note by the former, suing in his official character as president of the the board of trustees. It is proper to remark, that the presidents of the boards of trustees for school lands are expressly authorized by statute to sue, as such, on all contracts made in reference to said lands, and that it is not contested, that the note upon which this action was based is a contract of that class.

The statute directs, that the trustees of school lands, " before they or either of them proceed to the discharge of the duties required of them, shall enter into bond, with such surety as may be approved of by the board of county police of the county in which they may reside, payable to the president of said board of county police and his successors in office, conditioned for the faithful discharge of the duties required of them by the act; and said bond shall be in such penalty as said board of county police shall direct; and said trustees shall also take an oath before said board of county .police, that they will discharge their duties as such trustees according to law, to the best of their skill and judgment." This language is merely directory. It does not declare, that the acts performed by the trustees in the discharge of their proper functions shall be void, unless they shall previously enter into bond, and take the required oath.

36 *

Hence the rule is too well settled to be questioned, that, where one comes into office by color of title, his acts performed in the discharge of the duties of such office are valid, so far as the rights of third persons who have an interest in the acts done, and the public, are concerned," applies to this case. *The People* v. *Collins*, 7 J. R. 549 ; *McNutt* v. *Lancaster*, 9 S. &. M. 589 ; *Riddle* v. *The County of Bedford*, 7 Serg. & R. 392. The trustees of the school lands are elected by the heads of families who are qualified voters, resident in the respective townships. They hold their office by virtue of the election, and when duly elected, they are in office by something more than color of title. The statute, as we have seen, does not declare their acts void, if they do not give bond and take the oath; much less does it vacate their office unless these acts are performed. It would be absurd to say that, under such circumstances, they remain officers, and yet their acts as such are void.

But it is contended, that however just the rule may be upon which the acts of an officer *de facto*, in regard to the public and to strangers, are held to be valid, a different principle applies to the party himself; and doubtless this is true to some extent. An officer *de facto* will never be permitted to have the benefit of his own unauthorized acts ; or, in other words, when they are performed for his own benefit exclusively, they will be regarded as void. This distinction is very clearly illustrated in the case of *Keyser and others*, Commissioners of Franklin County, v. *McKissan*, 2 Rawle, 139, a case very analogous to the one at bar. In that case the suit was brought against the treasurer of Franklin county, on his official bond, by the commissioners of the county. The defence set up was, that the commissioners from whom the treasurer received his appointment had not taken the oath to support the constitution ; and it was insisted, as in the case before us, that such omission rendered the treasurer's bond void. In delivering the opinion, the court say : " It must be conceded, as the matter now stands, that the oaths were not, in fact, taken by the commissioners. The rule which governs the case is, that the commissioners who appointed the treasurer were officers *de facto*, since they came into office by color of title. It is a well settled principle of law,

that the acts of such persons are valid when they concern the public, or the rights of third persons, who have an interest in the act done." Again: ." That the commissioners who appointed the treasurer were officers *de facto*, is certain, as they possessed every qualification of officers *de jure*, except in the one particular they had omitted taking the oath prescribed in the constitution. They had at least color of title. It is equally clear, this suit is not brought for their individual benefit, but for the use of the public, for breach of defendant's official bond."

Let us apply the principle recognized in the case just cited, by which the acts of an officer *de facto*, done in regard to the public and to strangers, as distinguished from his acts performed for his own benefit, the latter being declared void, whilst the former are made valid, to the case before us. We think it will clearly be seen, that the note upon which the suit was brought was a valid contract, and the right of the plaintiff to maintain a suit upon it unquestionable.

The trustees were authorized by law to lease the school land belonging to their township upon a credit, and to take bonds or promissory notes to secure the payment of the rent; to receive and collect the moneys belonging to the township for school purposes; to lend the money on interest, and to enter into a variety of other needful contracts. The note in question was given to secure the money for a lease of the school section granted by the board of trustees to the defendant. It will scarcely be contended, upon the rule above laid down, that these acts were void, because the trustees had not given the bond nor taken the oath prescribed by the statute. They were acts done, not for the personal benefit of the trustees, but for the public good, and fully within the range of their authority. The lease would undoubtedly be held valid, unless, perhaps, upon allegation and proof of knowledge on the part of the lessee that the trustees had not entered into bond nor taken the oath of office, coupled with an improper motive. And if the lease was valid, there is no pretence for saying, that the note was void. Hence, unless this suit can be regarded as an action in which the plaintiff is seeking a mere personal benefit, in which the public are in nowise interested, we must concede his right to

recover. And about that there can be no question. He has no personal interest in the money for which the note was given, and he was in his official character. We think, therefore, the pleas did not present a valid defence in bar of a recovery, and that the demurrer was correctly sustained as applying to those pleas.

The judgment in the court below should have been *respondeat ouster*. No such order appears in the record before us. It is not shown that the defendant failed or refused to plead over, in fact that any plea was filed or issue joined after the judgment of the court on the demurrer. In that condition the case was submitted to the jury, who were sworn to try the issue joined. This was error. *Wilkinson* v. *Patterson*, 6 How. 123; *Harrison* v. *Agricultural Bank*, 2 S. & M. 310. For which we reverse the judgment, remand the cause, and order judgment of *respondeat ouster* to be rendered in the circuit court.