Hon. J. G. Taliaferro,
Hon. R. K. Howell,
Hon. W. G. Wyly,
Hon. P. H. Morgan.

*Associate Justices.*

---

### 3913.

Hermann Daniel et als. *v.* City of New Orleans, Page & Co. et als.

According to the twenty-fourth section of the present charter of the city of New Orleans, when one-fourth of the front proprietors petition for the banquetting of the sidewalks, if a majority of the front proprietors along said streets fail to object to the request of the said petitioners by a written petition addressed to the Council, they are presumed to have assented to the demand of the petition, and they should be bound by a contract entered into in accordance with said petition, to make the banquettes which they were legally bound to make.

The evidence showing that the work was well done and that the price charged was reasonable, it would be repugnant to every principle of law and equity, to permit the plaintiffs to enrich themselves at the expense of others.

The law, when it speaks of one-fourth of the proprietors upon whose petition the City Council is to act, refers to the owners of property fronting on the portion of the street to be paved, and in whose front the banquetting is to be made.

The constitutional objection to the twenty-fourth section of the city charter, on the alleged ground that it imposes a tax which is not equal and uniform, is not well taken. The court does not understand that any tax is imposed by said section, in the technical sense of the word. It merely requires each proprietor to pay for his banquettes, and authorizes them to indicate when the banquettes shall be made and the character thereof; and, in doing this, the Legislature does not violate any provision of the constitution.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. A. N., A. H.* and *W. P. Ogden,* for plaintiffs and appellees. *Roselius & Alfred Philips,* for Page & Co., defendants and appellants. *George S. Lacey,* city attorney, for the city.

Ludeling, C. J. This suit was instituted by some of the owners of property fronting on St. Charles avenue, between Toledano and State

streets, to annul a resolution of the Common Council of New Orleans, passed on the eighth of November 1870, and the contract entered into in pursuance thereof with Page & Co., for laying Byrne's Improved Concrete Banquetting, on the north side of St. Charles avenue, between State and Toledano streets, for the price of one dollar per square yard.

The grounds on which this nullity is claimed, are stated in the petition as follows: "That by the express provisions of the charter of said city, approved March 16, 1870, and particularly of sections twenty-three and twenty-four of that charter, it is required that contracts for the purposes specified in the above agreement with said Page & Co., when they exceed five hundred dollars shall be made at public auction, and to the lowest bidder who can furnish satisfactory security, or that said contract shall be given to the person making the lowest sealed proposal therefor, and who can furnish satisfactory security to the council.

*Second*—The Byrne's Improved Concrete Banquetting is a patented improvement, and a resolution of the common council directing the contract to be sold to the patentee of said improvement necessarily excludes all competition.

*Third*—That the mayor in making his contract with Page & Co., exceeded his authority when he undertook to bind the front proprietors on the north side of St. Charles avenue separately from the other inhabitants of said city, for the whole expense of said work.

*Fourth*—That section twenty-four of the city charter upon which the right of the city depends in laying banquetting at the expense of front proprietors, is unconstitutional, as it provides for a tax which is not equal and uniform.

*Fifth*—That the petition of property owners upon which the action of the Common Council rests in this case is not signed by one-fourth of the owners of real property fronting upon said avenue, as required by law.

Page & Co. filed a general denial, and called the City of New Orleans in warranty.

The City of New Orleans answered the petition by the general issue, but filed no answer to the call in warranty.

By the twenty-fourth section of the present City Charter it is provided "that whenever one-fourth of the owners of real property fronting upon any unbanquetted street in the City of New Orleans shall, by petition signed by the petitioner, or petitioners, and addressed to the Council of said city, ask for the banquetting of said street, or for any portion thereof, setting forth the character and quality of said banquetting, said council shall cause said petition to be published in English in the official journal of said city, for and during four weeks;

and if, at the expiration of said publication so made of such petition, a majority of the owners of real property fronting on said street or streets, or said portion thereof, shall not, by memorial signed by the memorialist or memorialists, and addressed to said Council, object to the same, the said Council shall, by resolution or otherwise, order said banquetting to be made in accordance with lines and levels to be furnished by the City Surveyor; and the whole costs of said banquettes, so made, as aforesaid, shall be borne by the owner or owners, of real property, fronting on said banquettes, in equal proportions, according to the running foot frontage. And in the event of the owner or owners of any portion of said property so banquetted, refusing or neglecting to pay the proportion so due for more than sixty days, the same shall constitute a lien and privilege upon said property until the said sum so due shall be paid; provided, the proper proof of the due performance of the work is made before a competent Court, when the same shall be recorded in the office of the Recorder of Mortgages."

The evidence shows that these provisions were strictly observed. A petition signed by one-fourth of the proprietors of property fronting on St. Charles avenue, between Toledano and State streets, was presented to the council asking that "your honorable body will cause to be adjudicated a contract for the laying of Byrne's Improved Concrete Banquette on the north side of St. Charles avenue between the two streets before named."

On the eighth of November the Council adopted the following resolution: "Whereas, the proper legal time having expired and no legal objection having been made, and the petition having been published in the official journal for and during the time prescribed by law, therefore, be it resolved that the mayor be and he is hereby authorized and directed to enter into contract on behalf of the city, per notarial act before the city notary with Messrs. Page & Co. for laying Byrne's Improved Concrete Banquetting on the north side of St. Charles avenue, between State and Toledano streets, for the sum and price of one dollar per square yard, the said service being pursuant to request of petitioners."

According to the section above quoted, when one-fourth of the front proprietors petition for the banquetting of the sidewalks, if a majority of the front proprietors along said streets fail to object to the request of the said proprietors by a written petition addressed to the council, they are presumed to have assented to the demand of the petition, and they should be bound by a contract entered into, in accordance with said petition to make the banquettes, which they were legally bound to make. In consequence of their failure to object within the delay mentioned in the section above mentioned, a contract was entered into

by which work was done upon their sidewalks which they were obliged to have done under the existing laws. The evidence shows the work was well done and that the price charged was reasonable.

Under such a state of facts, it would be repugnant to every principle of law and equity to permit the plaintiffs to escape responsibility. They should not be permitted thus to enrich themselves at the expense of others. 5 N. S. 392. Police Jury v. Hampton, 2 An. 146; 12 An. 225; 2 R. 139; 4 An. 22.

We think the law, when it speaks of one-fourth of the proprietors, upon whose petition the City Council is to act, refers to the owners of property fronting on the portion of the street to be paved. There can be no reason for supposing the law maker intended that either the assent of the owners, whose front had been already paved, or that of him, whose front it was not proposed to pave, should be had, but only the assent of those in whose front the banquetting was to be made. 23 An. 306.

It is not necessary to notice the constitutional objection to section twenty-four, urged on the ground that it imposes a tax which is not equal and uniform, further than to say, we do not understand that any tax is imposed by said section in the technical sense of the word. It requires each proprietor to pay for his banquette and it authorizes them to indicate when the banquettes shall be made and the character thereof, and in d ing this, the legislature did not violate any provision of the constitution. 26 Ill. 357; 22 Ill. 574; 30 Mo. 541; 5 Ohio 243; 10 Ohio 159; 20 Johnson's Rep. 429; 23 Barb. 166; 11 An. 220, 338; 14 An. 505; 20 An. 497.

It is therfore ordered and adjudged that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant, rejecting the plaintiffs' demand with costs of both courts.

WYLY, J., *dissenting*. Section twenty-three of the city charter provides: " That all contracts for public works, or for material or supplies ordered by the council, when the same exceeds five hundred dollars, shall be offered by the administrator of the department to which such contract pertains, at public auction, and given to the lowest bidder, who can furnish security satisfactory to the council, or the same shall, at the discretion of the council, be advertised for proposals to be delivered to the administrator of the department to which such contract pertains, in writing, sealed, and to be opened by said administrator in the presence of the Mayor and the Administrator of Finance, and given to the person making the lowest proposal therefor, who can furnish security satisfactory to the council."

Section twenty-four provides, in substance, that on the application of one-fourth of the owners of property fronting on any unbanquetted street, after due publication, and no opposition by the majority of property owners on said street, the City Council shall order said banquetting to be made in accordance with lines and levels to be furnishe I by the City Surveyor; "and the whole cost of said banquettes, so made, shall be borne by the owner or owners of real property fronting on said banquettes in equal proportions according to the running foot frontage."

Section twenty-three, it will be observed, provides the form for making all contracts for public works when they exceed five hundred dollars; and section twenty-four provides that the whole cost of banquetting shall be paid by the owners of property fronting on the banquettes whose construction the city has ordered after the publication of the petition of one-fourth of the property owners, and no opposition by the majority of property owners on said banquettes.

It is conceded that the amount of the contract in this case exceeds five hundred dollars. The question is, could the city, under the two sections of its charter referred to, make a contract with Page & Co. for banquetting the street in front of the property owned by the plaintiffs with Byrne's Improved Concrete Banquetting, a patent improvement owned by said contractors ?

The plaintiffs insist that the resolution of the council directing the contract to be sold to said patentees necessarily excludes all competition; and, therefore, the contract is void because not made conformably to the requirements of section twenty-three, at public auction to the lowest bidder.

This was the precise question presented in the case of Burgess Bennett et al. v. The City of Jefferson, 21 An. 143, and there this court held that: The principle of competition enunciated by the statute must be observed by the council in letting out contracts for the improvement of the streets, otherwise the owners of property fronting on the streets improved can not be compelled to pay the charges assessed against them for making the improvement." The case at bar is covered by the case cited and in my opinion should have the same solution.

The defendants, however, insist that even though the contract was not made in conformity to section twenty-three of the charter, the work was for the benefit of plaintiffs and they are bound to pay for it, on the equitable principle that no one should enrich himself at the expense of another. This maxim has no application to the case at bar. There is no reconventional demand set up by the defendants; there is no claim as a *quantum meruit* before the court. The simple question is, shall the contract for laying Byrne's Improved Concrete Banquetting and the resolution of the City Council authorizing it be annulled, be-

cause they are in violation of section twenty-three of the charter, which requires all contracts for public works where the amount exceeds five hundred dollars, to be sold at public auction to the lowest bidder.

In the absence of the authority delegated in the charter, the city could not make a contract binding the plaintiffs to pay for the banquettes in front of their property. The law authorizing the contract imposes in section twenty-three of the charter the formalities that must be observed. Under the limitation, that all contracts for public works exceeding five hundred dollars must be made at auction to the lowest bidder, the law authorizes the city to contract for banquetting at the expense of the front proprietors.

As the contract in question was not adjudicated at public auction to the lowest bidder, it is obvious, the city had no authority to make it, and therefore it is not binding on the plaintiffs and should be annulled.

I therefore dissent in this case.

Rehearing refused.