# Henry S. Heilman, John H. Snavely and Reily R. Snavely, Appellants, *v.* Lebanon & Annville Street Railway Company.

*Street railways—Rights of owner of land abutting on public roads where tracks are laid—Injunction—Damages.*

Street railway companies are not endowed with the right of eminent domain, because they do not need it. They are modern local conveniences, the location and construction of which are subject to the will of the public they are intended to serve. This will is expressed through the local authorities. Such companies cannot force themselves into neighborhoods where they are not wanted. When permission is given them to occupy a public street, they acquire thereby not an exclusive right upon its surface, but a right concurrent with that of the general public. Their cars are a substitute for the private carriage and the public omnibus. They must move them along their tracks upon the surface of the street to the grade of which they are required to conform. They have no right to grade or fill or in any manner interfere with the access to private property from the highway, or so to construct the road as to interfere with public travel, or disturb adjacent land owners. Per WILLIAMS, J.

Where a street railway company lays its tracks upon a public road, and constructs embankments which interfere with the access to property abutting on the road, the company will not, after the expiration of six years, and after the railway has become a great public convenience, be enjoined from continuing and maintaining the embankments, where just compensation can be made to the landowner for all injury done to him.

*Equity—Costs—Street railways.*

Where a decree has been entered in favor of a street railway company which a land owner has sought to enjoin from maintaining an embankment in a public road, the Supreme Court, in reaffirming the decree after reargument, will impose upon the defendant company the costs of the reargument, including the cost of printing plaintiff's paper-book.

Argued Feb. 15, 1897. Appeal, No. 183, Jan. T., 1896, by plaintiffs, from decree of C. P. Lebanon Co., Equity Docket 1891, No. 9, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reaffirmed.

Petition for reargument. Before EHRGOOD, P. J.
The case was originally reported in 175 Pa. 188.

*Bassler Boyer* and *Samuel Gustine Thompson,* for appellants, cited, Bigler v. Penna. Canal Co., 177 Pa. 28; Heilman v.

Lebanon & Annville St. Ry., 175 Pa. 188; Penna. R. Co. v. Montgomery County Pass. Ry., 167 Pa. 62; Wilhelm's App., 79 Pa. 120; Penna. R. Co.'s App., 115 Pa. 529; Larimer St. Ry. Co. v. St. Ry. Co., 137 Pa. 533; Plymouth Twp. v. Railway, 168 Pa. 181; Pile v. Pedrick, 167 Pa. 296.

*John G. Johnson,* with him *S. P. Light* and *C. H. Killinger,* for appellee.

Opinion by Mr. Justice Williams, April 19, 1897:

This is a reargument. The case was originally heard in March, 1896, and is reported in 175 Pa. 188. We do not wish to be misunderstood as to the reason of the decision then made or the general principles applicable to this case. Street railway companies are not endowed with the right of eminent domain, because they do not need it. They are modern local conveniences, the location and construction of which are subject to the will of the public they are intended to serve. This will is expressed through the local authorities. Such companies cannot force themselves into neighborhoods where they are not wanted. When permission is given them to occupy a public street, they acquire thereby not an exclusive right upon its surface, but a right concurrent with that of the general public. Their cars are a substitute for the private carriage and the public omnibus. They must move them along their tracks upon the surface of the street to the grade of which they are required to conform. They have no right to grade or fill or in any manner interfere with the access to private property from the highway, or so to construct the road as to interfere with public travel, or disturb adjacent land owners. This company appears to have disregarded the rights of municipalities and of private individuals, and to have forgotten or misconceived its own character and the limitations upon its powers, but it had completed its track along its entire line, a distance of six miles or more, as early as December, 1891. It has been in continuous operation ever since. It has become an important means of transportation for the public along its line, and for the towns which it connects. The interruption of its traffic would inflict great inconvenience upon the public and great loss upon it. The general situation must now be considered, and we must take

into account the rights of the plaintiff and the nature and extent of the injury of which he complains, but we must not overlook the interest of the general public, or the consequences to the defendant company of the decree asked for. Equity does not enforce a strict legal right, regardless of consequences. It is said that an injunction is of grace. This does not mean that a chancellor may grant or refuse an injunction as he pleases, but that his action is controlled by considerations of conscience. He does that which in good conscience he ought to do. The question in each case must depend upon the circumstances out of which it grows, and requires the exercise of judgment in determining the equities involved. We think the case was determined in this manner in the court below. We affirm the decree, because we are of the opinion that it was right under all the circumstances of the case: Heilman v. Lebanon & Annville Ry. Co., supra.

We have listened to the very earnest oral argument for the appellants and have considered the case as now presented in the paper-books, but we see no reason to doubt the soundness of the conclusions reached when this case was here before, and accordingly make no modification of the decree then made. But this company has for nearly six years maintained its embankments along the plaintiff's property without right. If permitted to retain them, the plaintiff should be amply compensated for the inconvenience and injury he has suffered and must hereafter suffer. And the court below should see to it that this is promptly done, under its order of December 31, 1895. The decree of this court made on April 27, 1896, affirming the decree appealed from, is adhered to. The costs made upon this reargument, including the cost of printing by the plaintiff, to be paid by the defendant company.