## Corey, Appellant, *v.* Edgewood Borough (No. 2).

*Borough—Legal character of borough—Equity pleading—Estoppel.*

Where a person has filed a bill in equity against a borough and in his bill alleges that the defendant is a borough, it is not competent for him to say upon the hearing that the defendant had not the powers of a legally incorporated borough by reason of the fact that the petition for its incorporation was not recorded, and this is especially so if the decree of incorporation contains every element of notice and description required by law and was duly recorded.

*Boroughs—Removal of private railroad—Recording of ordinance.*

Where the tracks of a private railroad are taken up by a borough in the course of the work of grading and paving a street in pursuance of a grading and paving ordinance, and the owner makes no objection before the tracks are removed as to the failure to transcribe the ordinance in a separate book kept specially for that purpose, and after the removal of the tracks files a bill in equity to enjoin the borough from preventing his relaying them, the only relief he is entitled to is an injunction to prevent further interference by the borough with the right of way, and with his replacing the railroad tracks at the new grade of the street, leaving him to the remedies provided by law to recover such damages as he may have sustained by reason of the change of the grade of the street.

In such a case where under the evidence and findings of the court below it does not clearly appear that the plaintiff is the exclusive owner of the private right of way on which the railroad is constructed, the court below commits no error in holding that the damages occasioned by the change of grade should be assessed in a single proceeding where the rights of all persons interested will be protected.

Argued May 9, 1901.   Appeal, No. 173, April T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 671, on bill in equity in case of J. B. Corey v. Borough of Edgewood. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Bill in equity for an injunction.

The facts appear in the report of Corey v. Edgewood Borough (No. 1), ante, p. 216.

*Errors assigned* among others were (11) in not allowing plaintiff to reconstruct the siding at the former grade.   (12) In not assessing plaintiff's damages and decreeing the payment thereof to him.

*George E. Alter* and *William Yost*, for appellant.—The borough of Edgewood is a corporation de facto only, because the petition for its incorporation was never recorded in the recorder's office of the county.   See Wilkinsburg Borough, 131 Pa. 365, Trickett on Boroughs, page 27, Guckert v. Hacke, 159 Pa. 303, McFate's Appeal, 105 Pa. 323, and Borough of Osborne, 101 Pa. 284.

If the plaintiff's siding was destroyed in changing the grade of the street by the borough, it was the exercise of the right of eminent domain or at least a special prerogative ; and when its right is questioned by the citizen it must produce a valid charter conferring such special rights ; and these may be inquired into in a collateral proceeding before it can proceed: Wintergreen Alley, 11 Pa. C. C. Rep. 126.

The borough ordinance, if material in any way, is wholly invalid, because it was never transcribed by the secretary into the ordinance book, or signed by the chief burgess or other principal officer, as required by sections 6 and 8 of the Act of April 3, 1851, P. L. 320.

The plaintiff is also entitled to his damages, and must recover them in this action or he is forever debarred from claiming them: Head v. Meloney, 111 Pa. 105.

*George B. Gordon* and *David S. McCann*, for appellee.— The borough of Edgewood is a legally incorporated borough: Incorporation of Edgewood, 130 Pa. 348.

Even if the borough were only a borough de facto, as contended by the appellant, it would have the power of eminent domain : Cochran v. Arnold, 58 Pa. 399; Western Pa. R. R. Co.'s Appeal, 104 Pa. 399; Freeland v. Penna. Central Ins. Co., 94 Pa. 513; Twelfth St. Market Co. v. P. & R. Terminal R. R. Co., 142 Pa. 580.

The ordinance for the grading, paving and curbing of Walnut street was a valid ordinance.

Appellant is entitled to no damages: Phillips v. Incline Plane Co., 153 Pa. 232.

OPINION BY RICE, P. J., October 14, 1901:

1. Inasmuch as the plaintiff sued the defendant as a borough and alleged in the bill that it is a borough, we do not think it

competent for him to say upon the hearing of the cause that it had not the powers of a legally incorporated borough by reason of the fact that the petition for its corporation was not recorded, especially as the decree of incorporation contains every element of notice and description required by law and was duly recorded.

2. Whatever might be said of the failure to transcribe the grading and paving ordinance in a separate book kept especially for the purpose if the bill had been filed before the work was done, we agree with the court below in holding that, as the plaintiff did not invoke the aid of equity until after the work under the ordinance was well in progress and the injury complained of, that is the removal of the tracks, was complete, the "plaintiff will have obtained all the relief which he is entitled to in equity by having an injunction to prevent further interference by the borough with the right of way, and with his replacing his railroad tracks at the present grade of the street, leaving him to the remedies provided by law to recover such damages as he may have sustained by reason of the change of the grade of the street." We think this conclusion is justified by the principles enunciated in Heilman v. Lebanon, etc., Street Railway Co., 175 Pa. 188; 180 Pa. 627, Becker v. Lebanon, etc., Street Railway Co., 188 Pa. 484, Mackintyre v. Jones, 9 Pa. Superior Ct. 543, and Jones v. Pittsburg, McKeesport, etc., Railroad Co., 11 Pa. Superior Ct. 202.

3. Under the evidence and the finding of the court below it does not clearly appear that the plaintiff is the exclusive owner of the right of way. Such being the case we think the court below was right in holding that the damages occasioned by the change of grade should be assessed in a single proceeding where the rights of all persons interested will be protected.

The decree as modified and amended in No. 164, April term, 1901, is affirmed and the appeal of J. B. Corey is dismissed at his costs.