## Jordan, Appellant, *v.* Washington & Canonsburg Railway Company.

*Street railways—Municipal consent—Supervisors—De facto supervisors—Estoppel.*

Where the supervisors of a township have stood by and permitted a street railway company to spend thousands of dollars upon the construction of a street railway, they cannot months afterwards demand that the railway shall be removed, because the consent under which the company acted was given by de facto supervisors.

The act of an officer de facto, where it is for his own benefit, is void; because he shall not take advantage of his own want of title, which he must be conversant of, but where it is for the benefit of strangers, or the public, who are presumed to be ignorant of such defective title, it is good.

*Street railways—Divergence from chartered route—Supervisors.*

A reasonable divergence from the chartered route of a street railway is in the discretion of the railway company; whether such divergence has been exceeded is not a question that concerns township officials, but must be left to the control of the commonwealth through its proper officials.

Argued April 20, 1904. Appeal, No. 129, April T., 1904, by plaintiff, from decree of C. P. Washington Co., No. 1359, in equity, dismissing bill in equity in case of James A. Jordan et al., Supervisors of Canton Township, v. Washington & Canonsburg Railway Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*T. F. Birch,* with him *James P. Eagleson,* for appellant.— This case is ruled by Homestead St. Ry. Co. v. Pgh. & Homestead Electric St. Ry. Co. and Long v. Homestead St. Ry. Co., 166 Pa. 162.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellee.

OPINION BY MORRISON, J., July 18, 1904:

This is an appeal by the plaintiffs from the decree of the court below refusing an injunction and dismissing their bill. The learned court below found from sufficient evidence that the defendant company is a street railway corporation duly organized under the laws of Pennsylvania by the merger and consolidation of three several street railway companies, which had theretofore been duly organized and authorized to construct street railways by letters patent duly granted and issued by the commonwealth. We are not called upon to pass upon any question as to the legality of the organization of the defendant company. Nor are we called upon to decide upon the right of the defendant to construct and operate a street railway in accordance with the Act of May 14, 1889, P. L. 211. The bone of contention is over the construction of a few hundred feet of the defendant's track in the township of Canton along what is known as the West Middletown road. The plaintiffs allege that the company only had the right to construct its road on the east side of the Chartiers Valley Railroad, and that it had no right to cross the latter railroad and construct its track along the West Middletown highway at a distance of 500 or 600 feet west from its charter route. It is also contended that the company had no right, as it did, to cross the Chartiers Valley Railroad over the bridge described in the bill. The learned court has found that this bridge is in the borough of Washington and not in the township of Canton, and therefore not under the jurisdiction and control of the supervisors of Canton township. From the findings of fact by the learned court below, which seem to be well supported by the evidence, we are not convinced of any error sufficient to require the reversal of the decree. Substantially the grounds of complaint in the bill are: 1. The divergence of the company from its charter route. 2. The want of consent of the local authori-

ties of Canton township for the construction of the defendant's railway along its highway. As to the second objection it is conceded that on July 23, 1898, the de facto supervisors of Canton township did grant permission to the Canonsburg Street Railway Company to construct an electric railway over, along and upon the public roads or highways, or such portions thereof as the said company shall desire to occupy, etc. This permit was never revoked. The Canonsburg Street Railway Company is one of the constitutent companies merged in the defendant company, and whether rightly or wrongly the defendant company claimed the right to construct its track under this permission. It is urged that the supervisors granting it were not lawfully elected and the argument is that their act was illegal and void, and it is further argued that the permit was not to the defendant company. It would seem quite clear that the defendant acquired all the rights and powers of the several companies which were merged and consolidated for the formation of the defendant corporation. It is conceded that the acting supervisors who granted this permission were the de facto supervisors of Canton township and they were the only officers who pretended to have any authority or jurisdiction in regard to the affairs of said township. In Keyser et al. v. M'Kissan, 2 Rawle, 139, it was held, " That the act of the officer de facto, where it is for his own benefit, is void; because, he shall not take advantage of his own want of title, which he must be conversant of ; but where it is for the benefit of strangers, or the public, who are presumed to be ignorant of such defect of title, it is good." To the same effect is Shellenberger et al. v. Patterson et al., 168 Pa. 30. We, therefore, conclude that the present plaintiffs cannot set up the want of power in their predecessors to grant the consent of July 23, 1898. The learned judge below found as a fact " that in pursuance of said permit from the said township authorities, and its claim of right to diverge from its chartered route, the Washington & Canonsburg Railroad Company, in the month of February, 1903, entered upon said public highway, and at an outlay of upwards of $20,000 for materials and labor, its private rights of way, etc., laid about 225 feet of its permanent track and from said date continuously thereafter, and since the completion of its roadway and track between its points

of termini, Washington and Canonsburg, has used said 225 feet of track on said public highway as a connecting part of its continuous route and roadway for the carrying over its materials for construction and passengers from the general public." The learned judge further finds that some of the present plaintiffs had full knowledge of the construction of said track and the claim of right on the part of the defendant from February, 1903, till September, 1903, when the bill was filed, and that during all that time while the defendant company was doing the work and expending large sums of money the plaintiffs made no effort to revoke said permit and gave no notice and made no effort to restrain the defendant company from so constructing its railroad track.

Having concluded that the findings of fact by the learned judge below are substantially correct our question is, did the court err in dismissing the bill? We think not for the following reasons : 1. The de facto supervisors of Canton township in July, 1898, granted permission to the Canonsburg Railway Company, a constituent company of the defendant, to lay its track along the highways of said township, and the defendant company subsequently entered upon the highway in question and constructed its track without objection from the present plaintiffs, and they did not revoke the former permit although it was duly of record in the minute book of their predecessors in office. 2. The supervisors of Canton township and the general public stood by and permitted the defendant company to locate its track over the now disputed highway and expend large sums of money in the construction thereof from the month of February, 1903, till September, 1903, without making any objection or attempt to prevent such construction. 3. There is no sufficient evidence to warrant a finding of fact that the divergence from the chartered route and construction of the railway along the western side of the Chartiers Valley Railroad works any special or serious injury to the plaintiffs or their township. In our opinion to have sustained the bill and granted the injunction prayed for would have worked great harm and injury to the defendant company without any corresponding benefit to the plaintiffs.

In Rahn Township v. Tamaqua & Landsford Street Railway Co., 167 Pa. 84, the Supreme Court held : " That (street

railways) may diverge for a short distance where the confirmation of the surface or the position of streams make it necessary in order to avoid discomfort or danger to the travelling public." Again in Penna. R. R. Co. v. Greensburg, etc., Street Railway Company, 176 Pa. 559, Justice MITCHELL (p. 577) quoted approvingly the above and added: "And it may be added to avoid grade crossings, or for any other reason amounting to necessity, or what is the same thing in such matters, great public convenience. The occasion for such divergence and its extent are questions of location, and the decision of them primarily is within the discretion of the railway company. If the variance from the charter route is greater than is necessary, or the charter route itself is open to objection, the commonwealth alone can be heard to make it in the interest of the general public." The same doctrine is again asserted in Penna. R. R. Co. v. Glenwood, etc., Electric Street Railway Company, 184 Pa. 227, and again in Pittsburg Junction R. R. Co. v. Fort Pitt Street Passenger Railway Company, 192 Pa. 44.

It being established, and practically conceded, that the defendant company had a right to construct its railroad in that vicinity we are of the opinion that the foregoing cases establish the doctrine, that a reasonable divergence from the chartered route was in the discretion of the company, and whether such divergence has been exceeded is not a question that concerns the plaintiffs, but must be left to the control of the commonwealth through its proper officials.

In Penna. R. R. Co. v. Montgomery County Passenger Ry. Co., 167 Pa. 62, it was said : " That where township officers and owners of land abutting on roads have stood by and permitted the expenditure of large sums of money in the construction of a street railway upon the roads, they cannot afterwards demand that the railway shall be torn up or its use enjoined." In Heilman et. al. v. Lebanon, etc., Street Railway Co., 180 Pa. 627, it was said : "The general situation must now be considered and we must take into account the rights of the plaintiff and the nature and extent of the injury of which he complains, but we must not overlook the interest of the general public, or the consequences to the defendant company of the decree asked for. Equity does not enforce a strict legal right, regardless of consequences. It is said that an injunction is of grace."

In the present case we have scanned the evidence in vain to find proof of any substantial and serious injury resulting to the plaintiffs, or their township, from the divergence of the defendant company from its chartered route.   It seems clear that the location of the street railway track where complained of is not an improper place for the location of a street railway.   And in view of the situation of things when the bill was filed it was asking too much of a court of equity to restrain the defendants and order the removal of their track from this highway.   At most, the claim to have this done was based upon mere technicalities.   We are not to be understood as holding that the defendant company might not have been restrained from locating its road in this highway if the plaintiffs had moved promptly when they first discovered the intention to diverge from the chartered route and locate the road on another street.   But we are not called upon to decide this question.

The learned judge in dismissing the bill saved the rights of the township of Canton to proceed at law to recover any damages sustained by reason of the use and occupancy of the highway by the defendant with its track or tracks, and the running of its cars thereon.   Under the circumstances we think this was all that the plaintiffs were entitled to ask.

We find nothing in the record requiring a reversal of the decree, and it is therefore affirmed and the appeal is dismissed at the cost of the appellants.