# Columbus Township Road.

*Road law—Viewers—Qualification of viewers—Incompatible offices—
Public officers—Officers de facto—Act of June 23, 1911, P. L. 1123.*

1. After a report of viewers appointed from the county board of
viewers has been filed and confirmed nisi, the county commissioners
cannot object that the view is void because one of the viewers was a
notary public, and another was a referee in bankruptcy. Until re-
moved by proper proceedings the viewers are de facto officers, and their
public acts are valid even if they were in fact disqualified. The objec-
tion to the validity of their acts comes too late after their report
is filed.

2. Exceptions to a report of road viewers taken more than a year

after the report is filed will be overruled where it appears that a rule of court provides that exceptions should be filed within thirty days and no explanation is given for the delay.

Argued April 14, 1914.   Appeal, No. 61, April T., 1914, by E. G. Carrier et al., Supervisors, from order of Q. S. Warren Co., June Sessions, 1911, No. 1, dismissing exceptions to report of viewers In re Road in Columbus Township.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Exceptions to report of jury of view.
The opinion of the Superior Court states the case.

*Error assigned* was order dismissing exceptions to report of viewers.

*Edward Lindsey*, with him *Earle MacDonald* and *R. W. Stone*, for appellant.—There was no properly and legally constituted board of view on the original petition in this case and consequently the proceeding should have been quashed and the report of viewers set aside: Radnor & Newtown Road, 5 Binn. 612; McClaysburg Road, 4 S. & R. 200; Green & Kingsley Township Road, 129 Pa. 527; Ohio & Ross Township Road, 166 Pa. 132.

*Wm. S. Clark* and *J. H. Alexander*, for appellee.— The acts of a public officer de facto, in so far as they concern the rights of the public or of third persons, are valid: Keyser v. M'Kissan, 2 Rawle, 139; Kingsbury v. Ledyard, 2 W. & S. 37; Clark v. Com., 29 Pa. 129; Com. v. McCombs, 56 Pa. 436; Gregg Twp. v. Jamison, 55 Pa. 468; Jordan v. Ry. Co., 25 Pa. Superior Ct. 564; Krickbaum's Contested Election, 221 Pa. 521; McKim v. Somers, 1 P. & W. 297.

OPINION BY RICE, P. J., July 15, 1914:
The Act of June 23, 1911, P. L. 1123, by which was established in each county a board of viewers composed

of members to be appointed by the court of common pleas for a term of three years, provides, that, whenever a petition is presented to the proper court praying the appointment of viewers for certain purposes, including the viewing, laying out, and opening roads, the court shall appoint three viewers from the county board of viewers thus established. This was done in the present case. But after the viewers' report in favor of the road was confirmed nisi, the supervisors of the township, by exception to the report and by motion to quash all the proceedings, raised the objection that two of the viewers were disqualified to act—one because he was a referee in bankruptcy, and the other because he was a notary public. There is no provision of the general road law, or general common-law principle, which in any way affects the actual competency of a person holding either of these offices or positions to act as a road viewer. But the act of 1911 declares that each member of the county board must have certain qualifications, "and must not be engaged in any public employment of profit." It is contended by appellants' counsel that the two persons referred to were not members of the permanent board of viewers, because not qualified so to be; in spite of their appointment as members of that board, their lack of the qualifications prescribed by the act ipso facto vacated that appointment; and that their designation as viewers in this case was invalid, as it violated the provisions of the act of 1911 that only members of the permanent board shall be designated on any particular board of view. The learned counsel sum up their contention in the terse statement: "It was the same as though the quarter sessions had appointed two persons who had never been appointed on the permanent board." We cannot adopt this view. The act designates membership of the permanent board as an office, and, while it declares that "the office of any member shall be vacant immediately upon his ceasing to be a resident of the county in which he shall be appointed,

or upon his ceasing to possess any of the qualifications
above required," yet this provision, upon which counsel
confidently rely, is coupled with another provision em-
powering the court from time to time "to determine
summarily any facts thus bringing about a vacancy in
the office," and authorizing it "to fill vacancies thus
arising." The effect of the two provisions taken to-
gether is to enable the court to determine the facts
summarily and to appoint another in the place of the
one found to be disqualified, without formal proceedings
for the latter's removal. But until this is done the
persons appointed and acting are to be regarded as of-
ficers de facto. The general principle of the common
law of England, as well as of this commonwealth, is,
that the acts of such persons are valid where they con-
cern the public or the rights of third persons who have
an interest in the act done; and this rule has been
adopted to prevent a failure of justice: Keyser v. M'Kis-
san, 2 Rawle, 139. Speaking of the rule enunciated and
applied in the earlier case of Riddle v. Bedford county,
7 S. & R. 386, Justice Rogers said: "The reason given for
the rule is most satisfactory: 'That the act of an officer
de facto, where it is for his own benefit, is void; because
he shall not take advantage of his own want of title,
which he must be conusant of; but where it is for the
benefit of strangers, or the public, who are presumed to
be ignorant of such defect of title, it is good:' Cro. Eliz.
699; Andrew's Rep. 163; Thus, in Com. ex rel. Bowman
v. Slifer, 25 Pa. 23, it was held that the relator was not
strictly an officer de jure, and therefore was not entitled
to mandamus for his salary for the period during which
he performed the duties of his office without having given
the legal security. "He was merely the officer de facto."
And the court added: "His acts are good so far as others
are concerned." The principle has been applied in a
multitude of cases and in a great variety of circumstances:
Kingsbury v. Ledyard, 2 W. & S. 37; M'Kim v. Somers,
1 P. & W. 297; Clark v. Com., 29 Pa. 129; Gregg Twp.

v. Jamison, 55 Pa. 468; Com. v. McCombs, 56 Pa. 436; Campbell v. Com., 96 Pa. 344; King v. Philadelphia Company, 154 Pa. 160; Com. v. Valsalka, 181 Pa. 17; Adam v. Mengel, 5 Saddler, 402; Krickbaum's Contested Election, 221 Pa. 521; Jordan v. Washington, etc., Ry. Co., 25 Pa. Super. Ct. 564; Com. v. Blieden, 52 Pa. Super. Ct. 221. We are of opinion that the principles by which many of the acts of officers de facto are sustained are applicable here.

But assuming, for the sake of the argument, that supervisors of the township or other persons interested have standing to object to the designation of a regularly appointed and acting member of the county board as a viewer in a particular proceeding, upon the ground that he is a notary public or a referee in bankruptcy, or is engaged in some other public appointment of profit, it is clear that such objection ought to be made at the earliest moment when, by the exercise of common diligence and observation, the fact might have been discovered. "A man cannot reserve such an objection while he awaits the chances of a favorable report and use it after he finds the report against him." This was held in a case where the objection was that one of the viewers was related to one of the petitioners: Hilltown Road, 18 Pa. 233. To the same effect are: Allen Twp. Road, 18 Pa. 463; Division Line of Catharine and Frankstown Township, 31 Pa. 303; and Dennison Twp. Road, 13 Pa. Super. Ct. 227. Such objection is radically different from the objection that one of the petitioners for the road was appointed a viewer, or a reviewer, which was held fatal in: Radnor and Newtown Road, 5 Binney, 612; Road from M'Claysburg, 4 S. & R. 200; Road in Green Twp., 129 Pa. 527; Ohio and Ross Twp. Road, 166 Pa. 132. For, as was said in May Town Road, it is inconsistent with the first principles of justice that the same person should be both judge and party. But such objection as that which is under consideration here, particularly as it is undisputed that the supervisors had notice of

the appointment of viewers and ample opportunity to ascertain their qualifications, is just as plainly, if not more plainly, within the reason of the rule laid down in Hilltown Road and cases of that class.

It appears further that the report of the viewers was confirmed nisi on December 4, 1911, and that the exceptions to the report on the ground now under consideration were filed on January 6, 1912. The rule of the court below provides: "That exceptions to matters not apparent on the face of the report shall be filed within thirty days after confirmation nisi, and verified by affidavit, otherwise they shall be disregarded." Unexplained and unexcused failure to file the exceptions within the time prescribed by this rule would, of itself, have justified the overruling of the exceptions, even if no other ground therefor existed.

The assignments of error are overruled and the orders therein recited are affirmed.