Statement of Facts.


## COMMONWEALTH v. J. B. DENWORTH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY.

Argued June 1, 1891—Decided October 5, 1891.

1. A suggestion for a quo warranto, averring that the defendant is using
and exercising the office of city recorder, " under color" of certain stat-
utes, " without warrant or lawful authority therefor," and the answer
averring that by the terms of the statutes the defendant became and
was entitled to hold the office, sufficiently raises the constitutionality of
the enactments.

2. The act of March 24, 1877, P. L. 47, and its supplements ( acts of
May 1, 1879, P. L. 44, and February 14, 1881, P. L. 6 ), are unconstitu-
tional, as violative of § 7, article III. of the constitution ; because, whethei
they shall apply to a city of the class described is dependent on the contin-
gency of the action of its municipal officers : Scranton School D.'s App.,
113 Pa. 176.


Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS,
McCOLLUM, and MITCHELL, JJ.

No. 15 May Term 1891, Sup. Ct.; court below, No. 161
January Term 1890, C. P.

On October 17, 1890, Mr. William S. Kirkpatrick, attorney
general, came into court and gave the court to understand and
be informed : *

" That one James B. Denworth, of the city of Williamsport,
in the county of Lycoming, hath, since the first day of Janu-
ary, 1889, used and exercised, and still doth use and exercise,
the office of recorder in and for the said city of Williamsport,
under color of an act of assembly of March 24, 1877, [P. L.
47,] entitled, . . . . .; and. a supplement thereto of May 1,
1879, [P. L. 44,] entitled, . . . . .; and another supplement
thereto of February 14, 1881, [P. L. 6,] entitled, . . . . . ,
without any warrant or lawful authority therefor ; which color-
able office, and the powers, authorities, emoluments and fran-
chises thereto so belonging and appertaining, the said James

---

* The record of this case is fully shown, as illustrative of the practice in
quo warranto : See 2 Brewster's Pr., §§ 2049–2134.

B. Denworth, during all the time aforesaid, hath usurped, and still doth usurp upon the government of said commonwealth, to the great damage and prejudice of the lawful authorities of the same.

" Whereupon, the said attorney general makes a suggestion and complaint herein, and for due process of law against the said James B. Denworth in this behalf, to be made to answer by what warrant he claims to have, exercise, use, and enjoy the said office."

A writ of quo warranto having been awarded as prayed for, and service thereof accepted, the defendant, on March 31, 1890, filed an answer averring as follows :

1. " That the city of Williamsport was, at the time of the passage of an act entitled, . . . . . , approved March 24, 1877, P. L. 47, and still is, a city whose population does not exceed thirty thousand, and is not less than eight thousand five hundred ; and said city did, by an ordinance duly adopted by the councils thereof and approved by the mayor, accept the provisions of the said act, and cause to be filed in the Court of Common Pleas of the county of Lycoming, in which said city is situated, and also to be recorded by the recorder of deeds of said county, a duly certified copy of the said ordinance, the same being done prior to the passage of the supplement to the said act of 1877, approved May 1, 1879, P. L. 44, and the supplement approved February 14, 1881, P. L. 6 ; and the said city of Williamsport, upon the filing and recording of the said ordinance as aforesaid, became, and still is, by the terms of the said act of 1877, and the supplements thereto, entitled to have a recorder for the purposes and with the jurisdiction and powers by the said act and its supplements provided.

2. " Defendant, who was and is a person duly qualified to hold the office of city recorder, within the requirements of the aforesaid act of 1877, and its supplements, was, on the fifteenth day of February, 1887, by the duly qualified electors of the city of Williamsport, elected to fill the office of city recorder of said city, and was, upon the fourteenth day of April, 1887, commissioned by the governor of the commonwealth of Pennsylvania, to hold said office for a term of five years, which term has not yet expired ; and did, also, before entering upon the discharge of the duties of said office, give the bond required

Statement of Facts.

by § 13 of the aforesaid act of 1877, which bond was approved by the Court of Common Pleas of the said county of Lycoming, and filed and recorded as by the said act required; whereupon, by the terms of the aforesaid act of 1877, and its supplements, defendant became, and still is, entitled to hold the office of city recorder of the city of Williamsport.

" Wherefore, defendant prays the judgment of this honorable court whether he should be compelled to make any further answer to the said suggestion of the attorney general, and prays to be hence dismissed with his reasonable costs in this behalf most wrongfully sustained."

The same day, the commonwealth, by her attorney general, joined " issue upon the matters alleged in the answer of the defendant."

The same day, a trial was ordered and a jury called, when the following admissions of fact were made :

" For the purposes of this case, it is admitted that James B. Denworth, of the city of Williamsport, county of Lycoming, since January 1, 1889, used and exercised, and still does use and exercise, the office of recorder in and for the said city of Williamsport, under color of the act of assembly of March 24, 1877, entitled, . . . , and the supplement thereto of May 1, 1879, entitled, . . . , and another supplement thereto of February 14, 1881, entitled . . . . .

" It is further admitted that the city of Williamsport was, at the time of the passage of said act of assembly and the supplements thereto, and still is, a city whose population does not exceed thirty thousand and is not less than eight thousand five hundred; that said city did, by ordinance duly adopted by councils and approved by the mayor, accept the provisions of said act, and caused to be filed in the Court of Common Pleas of Lycoming county and also to be recorded, a duly certified copy of said ordinance; the same being done prior to the passage of the supplements of May 1, 1879, and February 14, 1881; that the defendant is eligible to said office under the terms of said act, and was elected by the qualified electors of the said city of Williamsport on February 13, 1887, to fill said office of recorder, and was on April 14, 1887, commissioned under a commission (here produced and shown to the court) by the governor of the commonwealth, for the term of five years to be

Charge of Court below.

computed from June 4, 1887; that he gave the bond required by the thirteenth section of the act of 1877, duly approved, filed and recorded."

Mr. Sanderson: The above admissions as to facts are subject to objection as to their relevancy. The commonwealth objects to the facts relating to the election of the said Denworth, and the acceptance of the provisions of the acts quoted, and their supplements; also to the oath, bond and commission as irrelevant.

Thereupon, the court, McPHERSON, J., charged the jury:

This proceeding is an action brought by the state against the recorder of the city of Williamsport. He was elected under the authority of certain acts of assembly which have been called to our attention, and which we believe to be unconstitutional. [We therefore instruct you to render a verdict in favor of the commonwealth, upon the ground that the acts are unconstitutional, and the defendant has therefore no authority to exercise the office which he has been exercising for the last two years.] Exception.[1]

—The jury returned a verdict for the commonwealth; and on April 9, 1890, "judgment on the verdict." On April 17th, the defendant filed a certiorari sur appeal to No. 13 May Term 1890, Sup. Ct., but on May 16th, on motion of the defendant's attorney, a rule was granted to show cause why the judgment entered should not be stricken off. This rule, on December 10, 1890, was made absolute, the judgment theretofore entered stricken off, and it was ordered that a proper form of judgment be drafted by counsel and presented for signature. Subsequently the following order was signed:

And, now, December 17, 1890, it is ordered, adjudged and decreed that the defendant, James B. Denworth, hath unlawfully assumed and exercised the duties of the alleged office of recorder of the city of Williamsport; that the act of assembly of March 24, 1877, and its supplements, under which the respondent claims to exercise the said office, are unconstitutional and void; that the defendant is therefore without title to the said office; that he be ousted and forever excluded from the actual exercise thereof, and that the commonwealth have and recover from the respondent the costs of this proceeding.[3]

Arguments.

—Thereupon, the defendant took this appeal, specifying that the court erred:

1. In the portion of the charge embraced in [ ] [1]

2. The facts upon which the issue was joined having been admitted, the learned court erred in not instructing the jury to render a verdict in favor of the defendant.

3. In making the order, judgment, or decree.[3]

*Mr. M. E. Olmsted*, for the appellant:

1. The law of this state, in regard to pleadings in cases of this kind, is thus stated: "The attorney general may disclose in his information the specific ground of forfeiture, or he may merely set forth the franchises, alleged to have been illegally exercised, and call upon the defendant to show by what authority they are held. The plea should either deny the facts, or set forth the authority. The replication may then allege the acts relied on as working a forfeiture. This may be denied or admitted by the defendant:" LEWIS, C. J., in Commonwealth v. Commercial Bank, 28 Pa. 383, 387. In the case at bar, had the attorney general so chosen, he might undoubtedly have stated in his suggestion merely that the defendant was exercising the office of recorder in the city of Williamsport, and called upon him to show by what authority. Upon answer, however, the attorney general must have alleged the grounds of the alleged illegal exercise of the duties of the office. But the only ground urged was that defendant was not authorized to exercise the duties of the office created by the acts.

2. The issue raised by the pleadings was one of fact, and not of law. The suggestion alleged that, without any warrant or lawful authority, the defendant was exercising an office provided by certain acts of assembly. The answer set up certain facts showing him to be duly authorized to exercise the office under the acts. The replication joined issue only as to matters alleged in the answer. All the facts therein alleged, necessary to show the authority of defendant under the acts, were formally admitted by the commonwealth upon the trial. The instruction to the jury, therefore, should have been in favor of the defendant. The pleadings raised no question as to the constitutionality of the act of 1877, and its supplements,

Opinion of the Court.

or any of them; and upon the trial, the attorney general did not call attention to any particular in which said acts, or any of them, violated or were believed to violate any provision of the federal or state constitutions ; nor did the learned court in its charge or in its decree.

*Mr. W. U. Hensel,* Attorney General, (with him *Mr. Jas. A. Stranahan,* Deputy Attorney General, *Mr. H. W. Watson,* of counsel,) for the Commonwealth :

The suggestion for the quo warranto averred that the defendant used and exercised the office of recorder, under color of certain specified statutes without any warrant or lawful authority. The answer averred that the defendant, by the terms of the acts became and was entitled to hold said office. So that, not only was the constitutionality of the acts raised by the charge to the jury and the judgment, but also by the pleadings. Moreover, if the question were not raised on the pleadings, the pleadings were amendable, and may now be considered as amended : Trainor v. Railroad Co., 137 Pa. 148; Bolton v. King, 105 Pa. 78. And that the acts are unconstitutional, as local and special legislation, is rested on Scranton School D.'s App., 113 Pa. 178; Weinman v. Railway Co., 118 Pa. 192; Morton v. Shelby Co., 118 U. S. 425; Ayars' App., 122 Pa. 266.

OPINION, MR. JUSTICE McCOLLUM :

This is an appeal from a judgment of ouster from a public office. The judgment was entered against the appellant on the ground that the statutes under which he claimed title to the office of recorder of the city of Williamsport were unconstitutional, and his contention here is that their validity was not called in question by the pleadings.

The objections to the judgment are purely technical, and there is no effort to show that the statutes on which it is admitted the title of the appellant to the office from which he was ousted depends, are of any validity. It is obvious, from an inspection of the record, that the only question for the consideration of the court below was the constitutionality of these statutes. In the information, on which the writ of quo warranto was issued, it was charged that the appellant used and exercised the office of recorder under color of them, and in his

answer thereto it was averred that, by their terms, he became and was entitled to hold the said office. The regularity of the proceedings under them was conceded upon the trial, subject to objection as to their relevancy. It is not possible, in the presence of the information, answer, and concession, to discover any dispute concerning the facts in the case. These were admitted, and the inquiry related to their legal effect. This inquiry necessarily involved a consideration of the validity of the statutes under which the appellant claimed he was entitled to hold the office, and which the commonwealth alleged gave him no more than color of title to it. It is plain from the pleadings, the developments on the trial, and the charge of the learned judge, that the question of the constitutionality of these statutes was presented, considered, and passed upon in the court below; and whether the argument made there by the counsel for the commonwealth was sufficiently specific to satisfy the appellant is a matter with which we have no concern. We may add that, if greater precision in the pleadings was deemed necessary, it could have been secured by an amendment.

The statutes under which the appellant claims title to the office of recorder are in palpable conflict with § 7, article III. of the constitution. They are local, because confined in their operations to cities of a specified population, which shall accept them by ordinance duly adopted by councils and approved by the mayor. Whether they shall apply to a city of the class described depends on the action of its municipal officers; and in consequence thereof, one city of the class may be subject to their provisions, and other cities of the same class be exempt from them. Without further elaboration of the subject, it is sufficient to say of this legislation that it is such as was condemned in Scranton School D.'s App., 113 Pa. 176. It follows that a correct judgment was entered in this case, and the specifications are overruled.

Judgment affirmed.