Commonwealth of Pennsylvania ex rel. James P. Mc-
Andrew, B. J. Cummings, J. H. Schnerr, John Ward
and Eugene Taylor *v.* Harry Fletcher, William Judge,
John F. Barrett and John F. Donnelly, Appellants.

*School laws—Elections—School directors—Quo warranto.*

Where an order of the court of quarter sessions directs that a school
director shall be elected for three years, votes cast for a person for the
term of two years are cast for a term which did not exist, and they cannot
be counted as against a candidate properly voted for for the term of three
years ; and where such person by reason of such votes is admitted into the
board of school directors, the objecting school directors, in their capacity
as such directors, are entitled to maintain a writ of quo warranto to oust
and exclude him from office.

*Election officers—Return lists—Corrections by tally list.*

In examining the returns of an election the whole returns are to be taken,
and the omissions, if any, in any one part of them are to be supplied from
what appears in the others.   When election officers fail to set out upon
the triplicate return sheet, or in the open returns, the terms for which sev-
eral candidates for the office of school director were respectively voted for,
this may be corrected and supplied by the tally list which shows such terms.

*Elections—Correction of certificate of election.*

An incorrect certificate of election issued by the clerk of the court of
quarter sessions is overcome by a correct certificate subsequently issued
by the clerk to the person properly elected.

*School laws—Board of school directors—Organization—Rival candidates
—Prima facie right to seat.*

A board of school directors should be temporarily organized by the per-
sons whose right to office is undisputed.   After such temporary organiza-
tion, the rights of rival candidates may be passed upon by the meeting,
and the one who is shown, in the opinion of a majority of the meeting,
prima facie, entitled to the disputed office should be recognized and ad-
mitted, having first taken the prescribed oath of office.   A certificate from
the clerk of the court of quarter sessions in due form, showing that he had
received a majority of the votes cast for the office in question, would support
such prima facie right thereto.


Argued Feb. 26, 1897.   Appeal, No. 67, Jan. T., 1897, by
defendants, from judgment of C. P. Lackawanna Co., Sept. T.,
1896, No. 858, on case tried by the court without a jury.   Be-
fore WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Quo warranto to determine the title to office of school director.

The case was tried by the court without a jury under the act of April 22, 1874.

ARCHBALD, P. J., filed the following opinion:

This is a quo warranto to test the right of the respondent, Harry Fletcher, to act as school director from the First ward of Winton borough, and of the respondents, William Judge, John F. Barrett and John F. Donnelly to act as president, secretary and treasurer of the school board of said district, the relators, Eugene Taylor, James P. McAndrew, James B. Cummings and J. H. Schnerr, respectively, claiming the same offices.

The following facts are found from the evidence:

1. The borough of Winton is situate within the county of Lackawanna, and prior to February 6, 1896, the school board was composed of six directors who were elected from the borough at large.

2. On February 6, 1896, the court of quarter sessions of this county, upon due proceedings had for that purpose, divided the said borough into three wards, and directed that the school board should thereafter consist of nine members, three to be elected by the electors of each ward.

3. At the time of said division the terms of the several directors of the school district of said borough were such that four of them would hold over into the succeeding year. One of these resided in the proposed first ward, and his term would expire in 1898. The terms of the others are not material to notice.

4. In accordance therewith, at the time of making the said division, the order of court directed that at the election to be held on the third Tuesday of February, 1896, of the five new directors to be elected, two should be elected from the First ward, one for one year, and one for three years, and that the terms of the directors from the other wards should correspond with the terms to be filled from them having regard to the terms of those who held over.

5. The order of court was entered February 6, 1896, but in anticipation of it, while the proceedings were pending, on January 25, 1896, at a caucus of the republicans of the First ward,

J. H. Schnerr was duly nominated for school director for one year, and Eugene Taylor was duly nominated for three years, certificates of which nominations were duly filed with the county commissioners.

6. On the first of February, 1896, a caucus of the citizens' party of the said First ward was also held, at which Charles H. Sutton and Harry Fletcher were nominated for school directors, Sutton being nominated for what was designated as the short term, and Fletcher for the long term, without specifying the number of years in either case. Nominating papers in pursuance of this were also drawn up, but before being filed they were brought to Mr. W. W. Baylor, the attorney of the parties, who inserted in the papers opposite the name of Sutton the words " one year," and opposite the name of Fletcher the words " two years," thus designating them as nominated for the said terms respectively.

7. In pursuance of the several nominating papers thus filed the official ballot was printed by the county commissioners as follows : In the republican column, under the head of school directors, the names of Taylor and Schnerr were inserted, and opposite the one the words " three years " were placed, and opposite the other the words " one year ; " in the citizens' party column under the same heading, the names of Fletcher and Sutton were inserted, and opposite the one the words " two years " were placed and opposite the other the words " one year." This will more fully appear by the diagram on page 459 taken from the ballot :

The ballots made use of at the regular municipal election of the said borough held Tuesday, February 18, 1896, were in this form.

8. Returns of the said election were made out and signed by all the election officers : to wit: by the judge, the inspectors, clerks and overseers, and on the day following the same the said returns were duly filed in the office of the clerk of the court of quarter sessions of said county. By said returns it appeared according to the tally list, that Eugene Taylor for school director for three years received forty-four votes ; Harry Fletcher for school director for two years received forty-six votes ; J. H. Schnerr for school director for one year received forty-eight votes, and Charles H. Sutton for school director for one year

| FOR A STRAIGHT TICKET | FOR A STRAIGHT TICKET |
|---|---|
| ◯ | ◯ |
| MARK WITHIN THE CIRCLE | MARK WITHIN THE CIRCLE |
| **REPUBLICAN** | **CITIZENS** |
| **BURGESS** (Mark One) | **BURGESS** (Mark One) |
| ☐ | C. A. Sherman, (3 years) ☐ |
| **BOROUGH COUNCIL** (Mark Three) | **BOROUGH COUNCIL** (Mark Three) |
| Henry Dando, Jr. (3 years) ☐ | J. T. Bell (3 years) ☐ |
| John H. McAndrew (2 years) ☐ | Benjamin Traviss (2 years) ☐ |
| James Strong (1 year) ☐ | Bernard Giles (1 year) ☐ |
| ☐ | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |
| **SCHOOL DIRECTORS** (Mark Two) | **SCHOOL DIRECTORS** (Mark Two) |
| Eugene Taylor (3 years) ☐ | Harry Fletcher. (2 years) ☐ |
| J. H. Schnerr (1 year) ☐ | Charles H. Sutton (1 year) ☐ |

received forty-five votes. The triplicate return sheet merely gave the number of votes for each of the candidates without any statement as to the terms for which they were selected, and the open returns were in the same form.

9. On Monday, June 1, 1896, the school board met for organization for the new school year. There were four members of the old board whose terms had not expired, to wit: James P. McAndrew, John F. Donnelly, John F. Barrett and James Mullen. These were all present at the time and place of meeting and, in addition, J. H. Schnerr was there, claiming to have been elected from the First ward for the term of one year; John

Ward from the Second ward for the term of one year; J. B. Cummings from the same ward for the term of three years; and William Judge claiming to have been elected from the Third ward for the term of three years. Eugene Taylor and Harry Fletcher were also present, each claiming to have been elected from the First ward for the term of three years.

10. Prior to the said meeting, to wit: on February 23, 1896, the said Harry Fletcher had procured from certain of election officers who held the said election, the following certificate: " Winton, Pa., February 23, 1896. This is to certify that at an election held on the third Tuesday of February, 1896, Harry Fletcher and Eugene Taylor were candidates for the office of school director for three years, and at the said election 46 votes were cast for Harry Fletcher and 44 votes were cast for Eugene Taylor; and that the said Harry Fletcher having received the highest number of votes cast for the office of school director for three years in the first ward of the borough of Winton is hereby declared elected: Signed, J. R. Evans, inspector; M. Childs, inspector; Charles Davenport, overseer; M. J. Brown, overseer."

11. The said Harry Fletcher had also procured from the clerk of the court of quarter sessions of said county the following certificate: " Lackawanna County, ss.: I, J. H. Thomas, clerk of the court of quarter sessions of the peace in and for said county, do hereby certify that it appears by the returns of the election held in and for the First ward of Winton borough on the 18th day of February, A. D. 1896, as filed in my office at Scranton, in said county, that for the office of school director for three years of said First ward of Winton borough, Harry Fletcher had forty-six votes and Eugene Taylor had forty-four votes. Witness my hand and the seal of said court at Scranton this 28th day of February, A. D. 1896. (Signed) J. H. Thomas, Clerk Q. S. [Seal]."

12. The last named certificate was obtained under the following circumstances: When the returns of the said election were filed in the office of the clerk and copied upon the election docket there, the triplicate return sheet was followed, and the names of the candidates for the said office of school director, with the number of votes returned for each, was entered upon the said docket, but the term or number of years for which, as

shown by the tally sheet each candidate was chosen, was not entered therein. At the time the said certificate was obtained the said Harry Fletcher, with his counsel, went to the office of the said clerk and exhibited the certificate obtained from certain of the election officers mentioned in paragraph 10, and the election docket standing as it did, the clerk issued the certificate.

13. On February 21, the said Eugene Taylor obtained from Geo. E. Dando, judge of election of the said First ward of Winton, the following certificate: " Winton, Pa., February 21, 1896. This is to certify that Eugene Taylor, of the First ward of Winton borough, having received the largest number of votes at the spring election, held February 18, 1896, for school director for three years, is hereby declared elected. (Signed) Geo. E. Dando, Judge."

14. The said Eugene Taylor also had obtained the following certificate: " Lackawanna County, ss.: I, J. H. Thomas, clerk of the court of quarter sessions of the peace in and for said county, do hereby certify that it appears by the returns of the election held in and for the First ward of Winton borough upon the 18th day of February, A. D. 1896, as filed in my office at Scranton, in said county, that for the office of school director Eugene Taylor, three years, had forty-four votes; J. H. Schnerr, one year, had forty-eight votes ; Harry Fletcher, two years, had forty-six votes ; and Charles H. Sutton, one year, had forty-five votes. Witness my hand and seal of the said court at Scranton this 4th day of April, A. D. 1896. (Signed) J. H. Thomas, Clerk Q. S., Seal."

15. This last certificate was obtained from the said clerk by the said Eugene Taylor and others going to his office and pointing out what was contained in the tally list above mentioned, whereupon the said clerk corrected the election docket and issued a certificate to correspond therewith.

16. On June 1, when the parties were present, as mentioned in the ninth paragraph, for the purpose of organizing the school board for the succeeding year, the meeting was called to order by John F. Donnelly, one of those whose terms had not expired, and who had been the secretary for the year then just closed. James Mullen, another of the members, whose term had not expired, then moved that John F. Barrett, whose term had also not expired, be made temporary chairman. Thereupon James P.

McAndrew, who also was a member who held over, protested, stating that he was informed that it was the intention to seat Harry Fletcher, who, as he claimed, had not been elected. With that, McAndrew, accompanied by J. B. Cummings, J. H. Schnerr and John Ward, three of the newly elected members, together with Eugene Taylor, who claimed the position also claimed by Fletcher, withdrew and retired to the other side of the room.

17. After these parties had retired to one side, it left Donnelly, Barrett and Mullen, three of the members who held over, to go on by themselves. This they proceeded to do. According to the motion made, Barrett was declared temporary chairman. The certificate of new members being called for, William Judge presented his certificate and oath of office as director from the Third ward for the term of three years, and Harry Fletcher presented the certificates referred to in the tenth and eleventh paragraphs, and his oath of office as director from the First ward for the term of three years. Both these persons were accepted as directors, and with Donnelly, Barrett and Mullen proceeded to elect William Judge president; John F. Barrett secretary, and John F. Donnelly treasurer, of the board as so constituted.

18. In the meantime, and while the proceedings mentioned in the preceding paragraph were taking place, James P. McAndrew, one of the members who held over, with J. B. Cummings, J. H. Schnerr, John Ward and Eugene Taylor, new members, met in another part of the same room. The certificates and oaths of office of Schnerr, Taylor, Cummings and Ward, were presented and received, and the five persons named, acting as directors, proceeded to elect James P. McAndrew president; J. B. Cummings secretary, and J. H. Schnerr treasurer, of the board as so constituted.

19. Since the first Monday of June, 1896, both boards organized as hereinbefore set forth, and each consisting of five members, have maintained a separate organization, have held meetings and kept minutes of their proceedings and have transacted, or endeavored to transact, the business usually pertaining to a school board, each claiming to be the legal school board of the borough of Winton; and among other things each board has levied a tax and issued a duplicate to the borough collector for collection thereof.

The following are my conclusions of law applicable to the foregoing facts:

1. The right of the respondent, Harry Fletcher, to the office of school director of the First ward of Winton borough is to be determined by the returns of the election as filed in the office of the clerk of the quarter sessions, by which returns, it appears that he was voted for for the office of school director for the term of two, and not for the term of three years.

2. If it be permitted to go behind the returns, it appears, in confirmation of them, by the nomination papers filed with the county commissioners, as well as by the official ballots used at the said election, that the said Harry Fletcher was nominated and voted for, for the office of school director for the term of two years.

3. By the order of court, by which the borough of Winton was divided into three wards, there were to be elected at the election held the third Tuesday of February, 1896, in the said First ward of Winton, one school director for the term of one year and one director for the term of three years, but none for the term of two years.

4. The mistake made in nominating and voting for the said Harry Fletcher for school director for the term of two years cannot be rectified. The votes cast for him for that term cannot be taken or computed as though cast for him for the term of three years.

5. The said Harry Fletcher having been voted for for a term which did not exist, was not elected a school director of the said borough of Winton.

6. The only person who was voted for at the said election for school director for the said First ward of Winton for the term of three years was the said Eugene Taylor, who received forty-four votes therefor, and was, therefore, duly elected to the said office for the said term.

7. In examining the returns of an election the whole returns are to be taken, and the omissions, if any, in any one part of them, are to be supplied from what appears in the others. The failure of the election officers to set out upon the triplicate return sheet, or in the open returns, the terms for which the several candidates for the office of school director were respectively voted for, is to be corrected and supplied by the tally list which shows such terms.

8. It appearing by the tally list duly signed and returned by all the election officers, not inconsistent with the rest of the returns, that at the election held in the First ward of the borough of Winton on the third Tuesday of February, 1896, for the office of school director for the term of three years, Eugene Taylor had forty-four votes; for the office of school director for the term of two years, Harry Fletcher had forty-six votes; and for the office of school director for one year, J. H. Schnerr had forty-eight votes, and Charles H. Sutton forty-five votes, respectively; and there being no office for the term of two years to be filled at the said election, the said Eugene Taylor was duly elected school director from the said ward for the term of three years, and the said J. H. Schnerr for the term of one year.

9. The certificate of election obtained by the said Harry Fletcher from certain of the election officers, to wit, from the two inspectors and two overseers as recited in the ninth finding of facts, was of no force or effect; nor was the certificate obtained by the said Eugene Taylor from George Dando, judge of election, mentioned in the thirteenth finding. If these were obtained in an attempted compliance with the provisions found in section 6 of the school act of 1854, the certificate to be furnished by the judges there spoken of refers to a certificate from the general board of return judges provided for by the former general election law of 1839, which board has been done away with by the election laws now prevailing.

10. The certificate given by the clerk of the quarter sessions to Harry Fletcher, mentioned in the eleventh finding of fact, was incorrect, and was issued by mistake, in part induced by the said Fletcher. It was invalid, and was known to be so by him, and was overcome by the correct certificate subsequently issued by the said clerk to the said Eugene Taylor.

11. The law prescribes no special course to be pursued in the organization of a school board at the opening of the school year; it simply requires the members at the time appointed to meet and organize by the election of a president, secretary and treasurer. But the proper course would seem to be as follows: The members whose terms have not expired of necessity form the nucleus of the new board; to these are to be added the newly-elected members, shown to be such by due certificates from

the clerk of quarter sessions of the election returns on file in this office, after they have taken the prescribed oath of office; if any of these is contested, or his election is in dispute, he should stand aside until the meeting has been temporarily organized by those whose right to office is undisputed. The meeting being temporarily organized by the latter, both those who are newly elected and those who hold over, the rights of rival claimants, if any, are next to be considered and passed upon by the meeting as thus constituted, and the one who is shown, in the opinion of a majority of the meeting prima facie, entitled to the disputed office should be recognized and admitted, having first taken the prescribed oath of office. A certificate from the clerk of the court of quarter sessions in due form, showing that he had received a majority of the votes cast for the office in question, would confer such prima facie right thereto.

12. No such course as is thus suggested was followed by either party, and no valid organization of the school board of the said district is therefore shown to have been effected.

13. The school board of Winton on the said first Monday of June, 1896, consisted, when duly constituted, of nine members, three from each of the three wards of the borough. At the meeting held that day there were eight of the members whose rights were undisputed, four held over, and four newly elected.

The ninth, that of school director from the First ward, for the term of three years, was in dispute, being claimed by both Fletcher and Taylor. The eight qualified members divided on the right of the rival claimants to the ninth place. As soon as the preliminary organization was attempted, and before it was brought about, four of the eight withdrew and attempted an organization by themselves, accepting and adding Taylor to their number. The four who were left recognized and admitted Fletcher. Each of these divisions then proceeded to go through the form of electing a president, secretary and treasurer. Neither party having a quorum of the duly qualified members of the board was competent to pass upon the prima facie qualifications of the remaining members so as to create a quorum and effect a valid organization and elect officers. There has therefore been as yet no valid organization of the said board nor even a de facto organization, there being two so-called boards, each claiming to act and each equally entitled to do so. The at-

tempted election of officers in each case was equally ineffectual and useless.

14. The respondent, Harry Fletcher, is not entitled to act as school director for the First ward of said borough, the office belonging of right to the said Eugene Taylor, who was duly elected thereto.

15. The respondent, William Judge, is not entitled to the office of president of the school board of Winton borough, nor the said John F. Barrett to the office of secretary, nor the said John F. Donnelly to the office of treasurer thereof.

16. The relators in their capacity as school directors, but not in the assumed capacity of president, secretary and treasurer of the school board of Winton, are entitled to maintain this writ.

17. The respondent, Harry Fletcher, is found guilty of unlawfully holding and exercising the office of school director of the school district of Winton, and judgment should be given against him that he be ousted and altogether excluded from said office, with costs.

18. The respondent, William Judge, is found guilty of unlawfully exercising the office of president of the school board of the said school district of Winton, and judgment should be given against him that he be ousted and altogether excluded from said office, with costs.

19. The respondent, John F. Barrett, is found guilty of unlawfully exercising the office of secretary of the school board of the said school district of Winton, and judgment should be given against him that he be ousted and altogether excluded from said office, with costs.

20. The respondent, John F. Donnelly, is found guilty of unlawfully exercising the office of treasurer of the school board of the said school district of Winton, and judgment should be given against him that he be ousted and altogether excluded from said office, with costs.

Let judgment be entered in favor of the plaintiff and against the defendants in accordance with the foregoing findings and conclusions of law, unless exceptions thereto be filed within thirty days.

*Error assigned* was judgment of the court.

The case was submitted on paper-books.

*Everett Warren, Henry A. Knapp,* and *C. P. O'Malley,* for appellants.—Fletcher's certificate was sufficient: Rink v. Barr, 12 W. N. C. 497; Com. v. Jenkins. 6 Kulp, 19; Moock v. Conrad, 155 Pa. 597; Kerr v. Trego, 47 Pa. 292.

A certificate of election regular in form, signed by the proper authority, constitutes prima facie written title to an office and can be set aside only by such proceedings for contesting the election as the law provides: McCrary on Elections, (3d ed.) secs. 268, 282; Goldsworthy v. Boyle, 175 Pa. 246; Hulseman v. Rems, 41 Pa. 396; Com. v. Garrigues, 28 Pa. 9; Com. ex rel. McCurdy v. Leech, 44 Pa. 332; Com. v. Baxter, 35 Pa. 263.

The first certificate governs and can be set aside only by judicial proceedings. The clerk of the court has no right to issue a second certificate inconsistent with the first: Com. v. County Commissioners, 5 Rawle, 75; Ewing v. Thompson, 43 Pa. 372; Watson's Contested Election, 3 Pa. C. C. 486; In re Archbald Borough Election, 5 Pa. C. C. 381; People v. Miller 16 Mich. 56; Crowell v. Lambert, 10 Minn. 369; State v. Sherwood, 15 Minn. 221.

The attempt of McAndrew and his followers to disregard all laws and usages and set themselves up in opposition to them must prove futile. In every instance the Supreme Court has held in favor of the body that has proceeded in an orderly and regular manner and in accordance with custom and usage: Kerr v. Trego, 47 Pa. 292; Goldsworthy v. Boyle, 175 Pa. 246; Kerr v. Trego, Brightly's Leading Cases on Election, 641; Schlichter v. Keiter et al., 156 Pa. 145; Gilroy v. Com., 105 Pa. 484.

The settled law is that the physical presence of a sufficient number constitutes a legal quorum: 1 Beach on Public Corporations, sec. 285, p. 292; Tiedeman on Municipal Corporations, sec. 99; Rushville Gas Co. v. City of Rushville, 121 Indiana, 206; Com. v. Green, 4 Wharton, 583; Com. v. Read, 2 Ashmead, 261; Craig v. Presbyterian Church, 88 Pa. 47; Ex parte Rogers, 7 Cowen, 526; Ex parte Humphrey, 10 Wend. 612; Gowen's Appeal, 10 W. N. C. 93; U. S. v. Ballin, 144 U. S. 1.

Assuming for the moment that the judge was correct in finding that Fletcher was not entitled to participate in the organization of the board, and therefore that the respondents in this

case should be ousted from office, the conclusion that there has been no valid organization of the said board nor even a de facto organization is improper and unnecessary in this case: Act of June 14, 1836, P. L. 621; State v. Carroll, 38 Conn. 449.

*T. V. Powderly* and *James H. Torrey*, for appellee, cited with reference to Fletcher's title to the office: Chamberlain v. Hartley, 152 Pa. 544; Rink v. Barr, 12 W. N. C. 497; Com. v. Jenkins, 6 Kulp, 17; cited as to the legality of the organization represented by respondents: Goldsworthy v. Boyle, 175 Pa. 252; 1 Beach on Pub. Corp. 291; 19 Am. & Eng. Ency. of Law, 466; Cooper v. Twp., 8 Watts, 125.

PER CURIAM, March 22, 1897 :

The facts found by the learned judge of the court below seem, upon an examination of the evidence to be fully justified. His legal conclusions from the facts found are free from error, and fully sustain the judgment now appealed from. The errors assigned are not sustained, and the judgment is affirmed. The costs to be paid by the appellants.