# Hayes *v.* Sturges, Appellant.

*Equity—Jurisdiction—Waiver of jurisdiction—Public office—Quo warranto.*
While a bill in equity is not the proper proceeding to determine title to public office, yet if the parties waive the question of jurisdiction, and the court considers the case as if it had been brought before it by a writ of quo warranto, the appellate court will consider a decree awarding an injunction as equivalent to a judgment of ouster.

*Public officers—Boroughs—Councilmen—Act of June* 1, 1883, *P. L.* 54.
The Act of June 1, 1883, P. L. 54, relating to the classification of councilmen of boroughs applies to boroughs divided into wards.

Argued Feb. 19, 1906. Appeal, No. 256, Jan. T., 1905, by defendant, from decree of C. P. Lackawanna Co., Sept. T., 1905, No. 3, on bill in equity in case of John Hayes, Burgess, v. Frank Sturges et al. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before NEWCOMB, J.

The court found the facts to be as follows :

1. The borough of Old Forge was incorporated by decree of the quarter sessions of this county in 1899. In accordance with the Act of May 22, 1895, P. L. 109, it had seven councilmen to be elected at large, three of whom were elected at the February election in 1900 for three years, two for two years, and two for one year. As these terms expired the vacancies were filled by the election of the corresponding number for three years.

2. By subsequent proceedings in accordance with the Act of May 14, 1874, P. L. 159, and its supplements, the borough was divided into six wards by decree of the court of quarter sessions. It was ordered that each ward should be entitled to elect two councilmen, but not so as to interfere with the terms of those already elected, and that at the next municipal election the qualified voters should elect councilmen for terms of three years in all but the first ward, to wit: two each in the second, third and fifth, and one each in the fourth and sixth wards, a total of eight. It will be noted, by reference to the next finding,

that for the year 1904 the borough had thirteen councilmen, but that circumstance is not material to this case.

3. Three members had been elected at large in 1903, for three years, viz.: Philip Swartz, William H. Jones, A. Constanzo. Their term expires in 1906. Two had been elected in 1902, viz.: Martin O'Malley, Daniel Dougherty. Their term expired this year. These five under the law continued in office after the ward elections in 1904, in pursuance of the decree, at which the following were elected without designating by the ballots or otherwise, any specific terms:

Second Ward,   Frank T. Sturges,
                Eugene Mott.
Third Ward,    John H. Conway,
                Patrick F. Coyne.
Fourth Ward,   Clarence Snyder.
Fifth Ward,    James Melvin,
                Thomas Pickerell.
Sixth Ward,    P. J. Conway.

It may be noted in this connection that two of the "hold-overs," Constanzo and Swartz, lived in the first ward; Jones lived in the fourth ward; and Dougherty in the sixth ward. In which ward O'Malley lived doesn't appear.

4. Dougherty died in 1904, and Jonah Hapgood was appointed to fill the vacancy thereby created.

5. In 1905, at the Spring election, the following were elected councilmen for specific terms noted as follows:

Second Ward,   Frank T. Sturges, 3 years.
                Edward Priest, 2 years.
Third Ward,    James Bonner, 3 years.
                Antonio Ripa, 3 years.
Fourth Ward,   Clarence Snyder, 1 year.
Fifth Ward,    William Allen, 2 years.
                Richard E. Gray, 2 years.
Sixth Ward,    William Thomas, 2 years.
                Jonah Hapgood, no term.

6. With the exception of Hapgood, these, together with the three members elected at large in 1903, claim to be the town council. Hapgood declined to recognize the body so constituted, refused to attend their meeting, they declared his seat vacant and appointed Robert White in his place. The evi-

dence doesn't show that Hapgood was elected in 1905 for any specific term, and it is agreed by counsel that his election is not in controversy.

7. Mott, Coyne, Melvin, P. J. Conway and John H. Conway, claim to be councilmen by virtue of their election in 1904, and with Hapgood claim that they, together with the "hold-overs" and Sturges, Snyder and Pickrell elected in 1904, form the legal council. They claim that because the decree dividing the borough specified an election for three years, they were elected for that term. The other body claims that the Act of June 1, 1883, P. L. 54, governs the election of councilmen in all boroughs, and that the decree was erroneous in specifying such term generally; that it should have provided for the election of one-third for three years, one-third for two years, and one-third for one year, and not having done so the voters had the right, at the following election, to put the act in operation by electing for specific terms, so that the terms of one-third the whole number shall expire each successive year.

Pickrell is postmaster of the village, and claims that he has given up his seat because of advices from the post-office department. But as the case now stands we can take no notice of that in determining the composition of the council.

The court entered a decree in accordance with the prayer of the bill.

*Error assigned* was the decree of the court.

*A. A. Vosburg*, with him *John H. Bonner*, for appellants, cited : Young's App., 153 Pa. 34; O'Reilly v. Craft, 153 Pa. 36 ; Strasburg Borough, 8 Pa. Dist. Rep. 544; Com. v. Vamloon, 4 Kulp, 338.

*M. J. Martin*, with him *John J. Toohey*, for appellee, cited : Com. ex rel. v. Morgan, 178 Pa. 198 ; Com. ex rel. v. Dolphin, 2 C. P. Rep. 85; Bangor Town Council, 5 Northampton Co. Rep. 222; Com. v. O'Neal, 203 Pa. 132.

OPINION BY MR. JUSTICE POTTER, May 24, 1906 :

In this proceeding the legality of the election of the persons assuming to act as councilmen of the borough of Old Forge,

was attacked, upon the ground that there was no legislative authority for the election of members of council for any term longer than one year, in boroughs which are divided into wards. It was alleged that the provisions of the law as to classification do not apply to such boroughs. The appropriate remedy in this case would have been quo warranto. Equity has no jurisdiction to determine the right to hold and exercise a public office: Gilroy's App., 100 Pa. 5 ; Dayton v. Carter, 206 Pa. 491. But the parties here have agreed upon the record to waive the question of jurisdiction and the court below has considered the case as if it had been brought before it by writ of quo warranto. The decree awarding an injunction is therefore to be regarded as equivalent to a judgment of ouster in quo warranto proceedings.

The decision of the court below that the defendants are not legally members of council of the borough of Old Forge is based upon the conclusion of law, that the act of 1883 applies only to boroughs not divided into wards, and has no application to Old Forge borough. " This case," the court says, " turns upon the question whether the Act of June 1, 1883, P. L. 54, applies to boroughs divided into wards."

The court below assumes that the act of 1883 cannot be applied to boroughs divided into wards, but it gives no reason for this assumption, except a quotation from the opinion of Judge HAND, in a case in the court of common pleas, to the effect that no provision is made as to which wards are to elect for the different terms, and until the law provides for this, no elector will know how to vote.

The difficulty in this case seems to arise out of a mistake made by the court of quarter sessions in 1903 when the borough was divided into six wards, each ward to elect two councilmen, but so as not to interfere with the terms of those already elected. But the decree also provided that at the next election, two councilmen should be elected in each of the second, third and fifth wards, and one in each of the fourth and sixth wards, all for terms of three years. There seems to have been no statutory authority for directing the terms to be all for three years.

The Act of May 13, 1889, P. L. 193, provides that if the court increases the number of councilmen they shall at the

next succeeding municipal election, " be elected as is provided for by existing law." And the act of 1883 which was existing law, authorized classification, so that one-third of the councilmen should be elected each year. This provision was disregarded by the court of quarter sessions in dividing the borough of Old Forge into wards, and the election of councilmen in 1904 for terms of three years would seem to have been illegal, as being without authority of law. But the court having failed to designate the manner in which councilmen should be elected, the voters themselves seem to have done so, and as a matter of fact, in 1905, they elected a council whose terms are classified in accordance with the act of 1883, thus accomplishing the result intended by the legislature, and atoning for the failure of the court to make the proper order in the premises.

The Act of April 13, 1903, P. L. 171, by its terms applies only to boroughs which were divided into wards at the time of its passage, and therefore it does not include the borough of Old Forge, but it indicates the intention of the legislature that all boroughs, including those divided into wards, should elect their councilmen in classes. It also shows that it is not impracticable to elect the council of a borough divided into wards by classes. In Com. v. Fletcher, 180 Pa. 456, the court divided a borough into wards and directed that the school directors should be elected by classes, as provided by the act of June 1, 1883. They had already been classified, as had the councilmen in the present case, prior to the division into wards. The question of the application of the act of 1883 was not discussed, apparently being taken for granted. But the case shows that it was possible to make such a division under circumstances which were practically the same as those in the present case.

We see nothing in the act which would justify the assumption that it was intended to apply exclusively to boroughs not divided into wards. The language both of the title, and the body of the act indicates that it is intended to apply to all boroughs in the commonwealth.

The assignments of error are sustained, and the decree of the court below is reversed, and it is ordered that the injunction restraining the defendants from acting as councilmen of the borough of Old Forge, be dissolved, and the bill be dismissed.