## In re Election Board Officers

*Charles R. Norberg,* for petitioner.

*William T. Connor,* for county election board.

*Marshall H. Morgan,* for Republican city committee.

*Leon I. Mesirov,* for Democratic city committee.

*Michael J. Matta,* for registration commission.

CRUMLISH, J., August 29, 1941.—

1. Qualified electors of the 43rd division of the 34th ward of Philadelphia have placed before us a petition and rule to show cause why the present members of the election board of their division should not be ousted. They have also presented a companion petition praying for an appointment to one of the alleged vacancies

pursuant to section 405 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2675:

"The first election board for any new district shall be selected, and *vacancies* in election boards existing by reason of the disqualification, removal, resignation or death of an election officer, *or from any other cause*, occurring prior to the day of any primary or election, *shall, in all cases, be filled by appointment, by the court of quarter sessions of the proper county, of competent persons, qualified in accordance with the provisions of this act, who shall serve until their successors are elected at the next succeeding municipal election:* Provided, however, That any district election officer who, after his election or appointment, changes his political affiliation, shall not thereby become disqualified to serve on said election board, and shall not thereby be subject to removal. In making such appointments, the court of quarter sessions shall receive and consider any petitions filed by qualified electors of the district affected, and shall make no appointment to fill any vacancy occurring more than five days before any primary or election, unless notice of the time at which they will make such appointment shall have been posted on the polling place of such district, and in the immediate vicinity thereof, at least five days prior thereto. In the appointment of inspectors in any election district, both shall not be of the same political party at the time of said appointment, but one shall be of the party having the largest number of votes and the other shall be of the party having the second largest number of votes in said district at the last preceding November election, as nearly as the judge or judges can ascertain the fact. The judge of election shall, in all cases of appointment, be of the political party having the majority of votes in said district at the last preceding November election, as nearly as the judge or judges can ascertain the fact. Immediately upon the entry of an order of court filling any vacancy on an election board,

the clerk of said court shall forthwith transmit a certified copy of said order to the county board, giving the name and address of said appointee." (Italics supplied.)

The incumbent officers were elected in 1939 under section 401 of the Pennsylvania Election Code, supra, 25 PS §2671:

"All primaries and elections shall be conducted in each election district by a district election board consisting of a judge of election, a majority inspector of election and a minority inspector of election, assisted by clerks and machine inspectors in certain cases, as hereinafter provided. The judge and inspectors of election of each election district *shall be elected by the electors thereof at the municipal election, and shall hold office for a term of two years from the first Monday of January next succeeding their election.* Each elector may vote for one person as judge and for one person as inspector, and the person receiving the highest number of votes for judge shall be declared elected judge of election, the person receiving the highest number of votes for inspector shall be declared elected majority inspector of election, and the person receiving the second highest number of votes for inspector shall be declared elected minority inspector of election." (Italics supplied.)

2. Petitioners contend that this section of the Pennsylvania Election Code violates section 14 of article VIII of the Pennsylvania Constitution, which provides:

*"District election boards shall consist of a judge and two inspectors, who shall be chosen annually by the citizens.* Each elector shall have the right to vote for the judge and one inspector, and each inspector shall appoint one clerk. The first election board for any new district shall be selected, and vacancies in election boards filled, as shall be provided by law. Election officers shall be privileged from arrest upon days of election, and while engaged in making up and transmit-

ting returns, except upon warrant of a court of record or judge thereof, for an election fraud, for felony, or for wanton breach of the peace. In cities they may claim exemption from jury duty during their terms of service." (Italics supplied.)

3. Respondents have filed no answers. Neither have they appeared in person or by counsel. However, the petitions are opposed by counsel for the county board of elections, registration commission, Democratic and Republican city committees.

4. It is apparent, as all counsel herein agree, that there is a direct conflict between the pertinent provisions of the Pennsylvania Election Code and our Constitution, and that, without more, the former would necessarily fall before the latter. However, it is contended that section 14 of article VIII of the Constitution has been impliedly amended as a result of amendments to other sections of the Constitution. The questions raised center entirely around the amendments of 1909. In that year, as a result of a joint resolution adopted during the sessions of 1907 and 1909, the legislature proposed to amend article VIII, secs. 2, 3, and 14. The latter proposed amendment was defeated by the voters at the polls. Nevertheless, counsel opposing this petition aver that section 14 of article VIII of the Constitution was impliedly amended by the passage of the other amendments referred to above. We are not impressed by this argument because it would certainly be anomalous for the people to have opposed expressly a direct change in the terms of the election officers and to have the courts infer such change from other amendments approved at the same time.

5. However, the first question which presents itself is one of jurisdiction, and we are constrained to conclude that the petitions must fall because the proper remedy is by writ of quo warranto. The Act of June 14, 1836, P. L. 621, sec. 2, 12 PS §2022, provides:

"Writs of quo warranto, in the form and manner hereinafter provided, may also be issued by the several

*courts of common pleas,* concurrently with the supreme court, in the following cases, to wit:

"1. In case any person shall usurp, intrude into, or *unlawfully hold or exercise* any *county* or township office within the respective county." (Italics supplied.)

See Updegraff et al. v. Crans, 47 Pa. 103 (1864), Commonwealth v. Denworth, 145 Pa. 172 (1891), and Dairy and Food Commissioner's Office, 32 Pa. C. C. 520 (1906). In the Denworth case, the action was in quo warranto by the State against defendant as recorder of the City of Williamsport elected under authority of certain acts of assembly which were held to be unconstitutional. In the Dairy and Food Commissioner's Office case, Carson, Attorney General, in a well-considered opinion, said (p. 522):

"That a constitutional inquiry into the validity of acts of assembly creating or affecting an office may be had in quo warranto proceeding has been determined in the case of Com. v. Denworth, 145 Pa. 172."

In Commonwealth, ex rel. Palermo, v. Pittsburgh et al., 339 Pa. 173, 177, 178 (1940), it was held:

"From an early date the appellate courts of this Commonwealth have held steadily to the rule that ' "the acts of public officers *de facto*, coming in by color of title, [whether or not entitled *de jure*], are good so far as respects the public, but void when for their own benefit"; *and it is equally well settled that attacks upon the right of such incumbents to serve, must be made by the Commonwealth, in a direct proceeding for that purpose, and cannot be made collaterally': Com. ex rel. v. Snyder,* 294 Pa. 555, 559. See also *Keyser v. M'Kissan,* 2 Rawle 139; *King v. Phila. Co.,* 154 Pa. 160; *Jordan v. Washington & C. Ry. Co.,* 25 Pa. Superior Ct. 564, 566." (Italics supplied.)

See also Brower v. Kantner, 190 Pa. 182 (1899), Graeff v. Felix, 200 Pa. 137 (1901), Krickbaum's Contested Election, 221 Pa. 521 (1908), Commonwealth, ex rel. Gast, v. Pfromm, 255 Pa. 485 (1917), Hutchin-

son v. Goshorn, 256 Pa. 69, 72 (1917), and Commonwealth ex rel. v. Joyce, 316 Pa. 434 (1934). That the election board officers are county officers is beyond question. We, therefore, reach the conclusion that the proper remedy is not by petition or petitions, as here presented in the quarter sessions court, but by the action of quo warranto in the common pleas court. In reaching this conclusion, we have not overlooked the dictum in Commonwealth, ex rel. Shoemaker, v. Thomas et al., 328 Pa. 19, 24 (1937). It was there said:

"We adhere to our long established ruling that unless another remedy is provided for by statute, quo warranto is the exclusive and proper one to determine title to public office."

While the provision of the Pennsylvania Election Code of 1937 under consideration gives this court the power to appoint and determine the qualification where vacancies occur, it provides no substitution for the remedy by quo warranto. Nor have we overlooked Hayes v. Sturgis, 215 Pa. 605 (1906), where it was held that the question of jurisdiction might be waived by agreement and the case considered as if it had been brought by writ of quo warranto. In the instant case there is no agreement to waive jurisdiction (see Dunlap v. Harbinson, 66 Pa. Superior Ct. 564, 570 (1917)) and the questions involved are so important and far-reaching that we feel that they should be raised by the proper and time-honored remedy. In the meantime, especially in view of the fact that there are no charges that respondents are unqualified or incompetent, the public's interest will not be harmed. Respondents are public officers de facto and as such their acts are valid so far as they are in the public's interest: Commonwealth, ex rel. Palermo, v. Pittsburgh, supra; Krickbaum's Contested Election, supra.

6. Accordingly, the aforesaid petitions are dismissed without prejudice.